130 So.2d 612 (1961)
FIDELITY CONSTRUCTION COMPANY and Southern Indemnity Insurance Co., Petitioners.
v.
ARTHUR J. COLLINS & SON, INC., Phoenix of London Group, Florida Industrial Commission, and Charles Knight, Respondents.
No. 30914.
Supreme Court of Florida.
May 24, 1961.
Rehearing Denied June 21, 1961.
Pallot, Marks, Lundeen, Poppell & Horwich and Frank M. Marks, Miami, for petitioners.
Errol S. Cornell, of Welsh, Cornell, Pyszka & Carlton, Miami, for Arthur J. Collins & Son, Inc., and London Guarantee & Accident Co.
Paul E. Speh and Burnis T. Coleman, Tallahassee, for Florida Industrial Commission and Edward L. Forer, Hollywood, for Charles Knight.
ROBERTS, Justice.
This is a petition for writ of certiorari to review a decision of the District Court of Appeal, Second District, Arthur J. Collins & Son, Inc. v. Knight et al., 117 So.2d 740, upon an alleged conflict with a decision of the District Court, Third District, in the case of Shirey v. Thompson et al., Fla.App., 115 So.2d 203, certiorari denied.
Both decisions involve a dispute as to liability for workmen's compensation under Section 440.10(1), Florida Statutes, F.S.A., reading as follows:
"Every employer coming within the provisions of this chapter * * * shall be liable for and shall secure the payment to his employees of the compensation payable under § 440.13 * * *. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment." (Emphasis supplied.)
In the case at bar the petitioner Fidelity Construction Company subcontracted a portion of its construction contract to the respondent Collins, who in turn was found to have subcontracted to one Humphries *613 The claimant Knight was an employee of Humphries, who failed to secure compensation payments. The deputy commissioner found Fidelity and Collins equally responsible for benefits due under the act. Upon review the respondent commission held that the subcontractor Collins was solely liable, and the commission was in turn reversed by the District Court, which concluded that the duty devolved upon the contractor Fidelity Construction Company to secure compensation or be liable primarily for claims by a worker whose immediate employer, a subcontractor of a subcontractor, was uninsured.
Upon very similar facts in the Shirey case, supra, the District Court, Third District, without opinion, left standing a commission ruling, under the same statute, that subcontractors, as well as employees, of a subcontractor would be covered by compensation policies of the latter, who "had become a contractor within the meaning of this section." Decision No. 2-819, Florida Industrial Commission, filed April 22, 1959.
There exists a prima facie conflict between the two decisions upon the pivotal point of law and on closely related facts, and one which is in this instance nonetheless direct because of the failure of the court to write an opinion in the Shirey case to substantiate its decision therein. Lake v. Lake, Fla., 103 So.2d 639; Seaboard Air Line R.R. Co. v. Branham, Fla., 104 So.2d 356, at page 357. This conclusion follows logically from a consideration of general principles governing scope and effect of an initial judicial review, whether by certiorari or otherwise, of rulings by administrative bodies in this jurisdiction. Wilson v. McCoy Mfg. Co., Fla. 1954, 69 So.2d 659; Vol. 1, Fla.Jur., Administrative Law, Section 182. See also State ex rel. Gordon v. Trimble, 328 Mo. 760, 300 S.W. 475.
The liability imposed by the commission in the Shirey case could, upon the face of its opinion, have rested on no logical ground other than the statutory rule announced, in view of the commission's express refusal in that case to resolve an alleged conflict as to whether claimant's immediate employers were in fact subcontractors or were themselves employees of the first subcontractor against whom the award was made. The statute in controversy, Section 440.10(1), was therefore necessarily, and expressly, construed as prescribing a rule of law opposite to that announced in the opinion of the court in the case at bar. See Florida Power & Light v. Bell, Fla., 113 So.2d 697; Sinnamon v. Fowlkes, Fla., 101 So.2d 375. Under the particular circumstances the jurisdictional requirements for review by writ of certiorari in this court are thus met and the conflict must be resolved.
The ultimate question here is whether the Florida Industrial Commission has correctly interpreted the provision of the Workmen's Compensation Act here in question. As the administrative body charged with the responsibility of administering the Act, its interpretation is entitled to great weight. While not conclusive upon the courts, such an administrative interpretation should not be overturned by the courts unless clearly erroneous and for the most cogent reasons. Gay v. Canada Dry Bottling Co., Fla., 59 So.2d 788. Contrary to the conclusion reached by the Second District Court of Appeal in the decision here reviewed, we do not find the commission's interpretation to be "clearly erroneous"; nor do we find "cogent reasons" for overturning the same. In fact, it is our view that the only reasonable and practicable interpretation of the provision of the act here in question is that made by the commission. Its interpretation follows that of a leading authority in this field. See Schneider, Workmen's Compensation, Vol. 2, Sec. 326, p. 177. And our independent research  no cases from other jurisdictions having been cited by the parties in their briefs  reveals that the commission's interpretation is in accord with decisions by courts of other jurisdictions on this question.
The appellate court, in the decision here reviewed, relied upon "the legislative *614 intent and policy as interpreted by the Florida cases cited herein, and [the] reasons illustrated in the quote from the Qualp case * * *". Arthur J. Collins & Son, Inc. v. Knight, supra, 117 So.2d at page 743. The Qualp case, Qualp v. James Stewart Co., Inc., 266 Pa. 502, 109 A. 780, 781, supports the commission's interpretation of the Florida Statute, rather than conflicts with it. In that case the Pennsylvania Supreme Court held that the general contractor was the "statutory employer" of all employees engaged in the contract job, regardless of whether employed by a subcontractor or a sub-subcontractor, and as such was liable for workmen's compensation to the employee of a sub-subcontractor under circumstances where neither the subcontractor nor the sub-subcontractor carried workmen's compensation insurance. In so holding, the Pennsylvania court pointed out that a subcontractor "is included in the designation `contractor'" within the meaning of their Workmen's Compensation Act, 77 P.S. § 1 et seq. Under this interpretation, it is clear that the provision of the Florida Statute that "the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment", Sec. 440.10(1), Fla. Stat., F.S.A., means that each subcontractor who sublets a portion of his contract becomes a "contractor" for the purpose of securing compensation for the employees of his subcontractor  the sub-subcontractor of the original contractor  and so on down the line of subcontractors.
It was also pointed out in the Qualp case, supra, that the general contractor (referred to as "the employer") could have avoided liability to employees of subcontractors and sub-subcontractors "by providing for compensation liability in his subcontract, in the event of a secondary subcontract." The meaning of this statement is made clear by the Pennsylvania court in the later case of Byrne v. Henry A. Hitner's Sons Co., 1927, 290 Pa. 225, 138 A. 826, 828, 58 A.L.R. 865, in which a claim was made against the general contractor, even though the subcontractor carried workmen's compensation insurance. In distinguishing the Qualp case, supra, the Pennsylvania Supreme Court said that when the subcontractor "has taken out insurance, or is otherwise legally responsible, the state no longer has use for the statutory employer [the general contractor]. * * * The principal contractor is no longer bound and is not required to answer `in the same manner and to the same extent as to his own employees.' To reason on any other basis would lead to an absurdity and foist on the principal contractor a responsibility not contemplated by the Compensation Act and out of all proportion to reasonable requirements."
We agree with the statement in the decision here reviewed that "It is manifest that the purpose of Section 440.10(1) is to protect employees of irresponsibile and uninsured subcontractors by imposing ultimate liability on the general contractor who has it within his power to insist upon adequate compensation protection for employees of his subcontractors." [117 So.2d 743]. But we agree, also, with the commission that this purpose has been served when the subcontractor, to whom the general contractor sublets a portion of his contract, carries workmen's compensation insurance. As stated by the Pennsylvania court in the Byrne case, supra, 138 A. 826, "To reason on any other basis would lead to an absurdity and foist on the principal contractor a responsibility not contemplated by the Compensation Act and out of all proportion to reasonable requirements."
Accordingly, for the reasons above stated, the decision of the Second District Court of Appeal here reviewed should be and it is hereby quashed, and the order of the commission reinstated.
TERRELL, HOBSON and DREW, JJ., concur.
THOMAS, C.J., and THORNAL, and O'CONNELL, JJ., dissent.