463 So.2d 420 (1985)
SOUTHERN SANITATION and/or Central Disposal and American Motorists Insurance Company, Appellants,
v.
Jean R. DEBROSSE and Dan L. Parrish Trucking and Division of Workers' Compensation, Appellees.
No. AY-31.
District Court of Appeal of Florida, First District.
February 4, 1985.
*421 Jeffrey S. Breslow of Adams, Kelley & Kronenberg, Miami, for appellants.
Stuart F. Suskin of Abrams, Suskin & Berglund, North Miami Beach, Bradley P. Goodman, P.A., of Simons, Simons, Tobin & Goodman, Fort Lauderdale, for appellees.
MILLS, Judge.
Central Disposal and its workers' compensation carrier, American Motorists, contend the deputy erred in entering an order finding Disposal to be a statutory employer of Debrosse under Section 440.10(1), Florida Statutes (1981). We do not agree and affirm.
Debrosse drove a truck for Parrish, an excavation firm. Disposal and Sanitation were wholly owned subsidiaries of Waste Management. Sanitation collects garbage. Disposal disposes of the garbage in a sanitary landfill. It hires outfits such as Parrish's to haul dirt for the purpose of covering the garbage. Disposal had an oral agreement with Parrish, Debrosse's employer, to haul dirt for this purpose. Debrosse's job was to drive his truck to specified sites, pick up dirt, and return it to the landfill, where it would be dumped on the garbage.
While at one of these pick-up sites, Debrosse was run over by another truck while he was attempting to repair his own. He suffered fractures of his left arm and femur, as well as numerous broken ribs.
It was undisputed that Debrosse's employer, Parrish, carried no workers' compensation insurance. Debrosse proceeded against Disposal on the theory that it was his common statutory employer pursuant to Section 440.10(1), Florida Statutes (1981). This statute provides that if a contractor sublets contract work to a subcontractor, all employees of the contractor and subcontractor shall be deemed employees of one and the same business, and, unless the subcontractor has secured such payment, the contractor is liable for compensation for all employees. The issue before the deputy was whether Disposal was doing contract work, a portion of which it sublet to Parrish.
There was evidence indicating that at the time of the accident Debrosse was not picking up dirt pursuant to the oral agreement with Disposal, but rather for Parrish, for the purpose of constructing a parking lot for Parrish's trucks. There was evidence, however, that he did not haul any dirt to the truck parking area nor drop any load in that area. Rather, all loads were dumped on the landfill on the date of the accident. It was also established that Parrish stated to Debrosse, in the presence of Debrosse's attorney, that the party against whom Debrosse should proceed was Disposal because he had been working for Disposal on the date of the accident.
There was evidence that Disposal had no written contract with Broward County or any municipality within the county to dispose of their garbage, rather, it operated under a permit from the county. Disposal conceded, however, that its agreement with Waste Management and its municipalities was if they brought it to us, they paid us for disposing of it. Also, there was evidence *422 that it was necessary to have material to cover up the garbage and that Disposal had to look to outside companies to haul sand and dirt for that purpose.
The function of Waste Management was to collect and dispose of solid waste from municipalities in Broward County. The collection and disposal by Disposal of residential and commercial garbage in Broward County was done pursuant to governmental contracts. Cover dirt was necessary to the landfill operation.
Section 440.10(1), Florida Statutes (1981), reads in pertinent part:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
A contractor under this statute is one under a contractual obligation to perform some work for another. Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910, 914 (Fla. 1981). In order for a company to qualify as a contractor, its primary obligation in performing a job or providing a service must arise out of a contract. Florida Power and Light Company v. Brown, 274 So.2d 558, 560 (Fla. 3d DCA 1973). The deputy here concluded that Disposal was providing the service of disposing of garbage for certain Broward County municipalities pursuant to a contract, and there is competent substantial evidence to support this holding.
The manager of safety and training for Waste Management, Disposal's parent corporation, stated that the garbage disposed of by Disposal was residential and commercial garbage in Broward County and was disposed of pursuant to governmental contract.
The second requirement for liability under the statute is that a portion of the contract be sublet to a subcontractor. To sublet is to pass on to another an obligation under a contract for which the person so subletting is primarily obligated. Street v. Safway Steel Scaffold Company, 148 So.2d 38, (Fla. 1st DCA 1962). There was evidence that covering the garbage was essential to its disposal and that Disposal had to hire outside companies such as Parrish to obtain and haul the cover dirt. Therefore, Disposal passed on to another the obligation of covering the garbage, an essential obligation of its contract with the municipalities of Broward County for garbage disposal.
The deputy adopted Debrosse's testimony that he was not hauling dirt for Parrish on the date of the accident, but rather for the purpose of covering the landfill. Once again, it was the province of the deputy to evaluate the weight and credibility of these witnesses and this court should not disturb that evaluation.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.