WARNER, Judge.
An injured worker appeals a final summary judgment in favor of a subcontractor whom the trial court found was immune from suit because of the exclusive liability of the worker’s compensation statute. The question presented is whether a subcontractor is immune from tort liability to the employee of its sub-subcontractor. We hold that it is and affirm the summary judgment.
The facts in this case are not in dispute. Appellant, Dempsey, was injured on a job while performing work for Dixie Steel. The general contractor on the job contracted with appellee G & E Construction Company to do structural work on the construction site. G & E then sub-subcontracted with Dixie Steel, appellant’s employer, to do a portion of the steel structural work. Appellant was injured in the course of doing this work due to the alleged negligence of G & E. Appellant received worker’s compensation benefits from Dixie Steel and then filed suit against G & E for its negligence.
Section 440.10(1), Florida Statutes (1987), provides:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to the employees of a subcontractor who has secured such payment. A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions ofs. 4^0.11 from action at law or in admiralty on account of injury of such employee of another subcontractor. (Emphasis added.)
Appellant contends that the 1974 amendment to this section which added the language underlined above precludes the subcontractor’s immunity in this suit. He claims that Abernathy v. Employers Ins. of Wausau, 428 So.2d 272 (Fla. 2d DCA 1982), adopted and affirmed in Employers Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983) supports this position. However, Abernathy addressed a different employment relationship. In Abernathy the employee of a general contractor attempted *427 to sue the subcontractor for negligence. The supreme court held that such a suit was allowed under section 440.10, Florida Statutes (1983), as amended because the subcontractor had no duty to provide worker’s compensation benefits to the employee of the general contractor. Thus, because the duty to provide compensation benefits did not exist, there was no quid pro quo to supplant tort liability.
In the instant case the subcontractor is obligated to provide worker’s compensation benefits to the employees of its sub-subcontractor as a “contractor [who] sublets any part or parts of his contract work.” § 440.10(1), Fla.Stat. (1987). In Fidelity Construction Co. v. Arthur J. Collins & Sons, Inc., 130 So.2d 612 (Fla.1961), the supreme court held that this statutory language included a subcontractor who sublet a portion of his contract work to a sub-subcontractor. The 1974 amendment does not change this result. Thus this case is one in which the subcontractor obtains immunity because it has the commensurate liability to secure compensation to the employees of the sub-subcontractors to whom it has sublet part of its contract work. Abernathy, 428 So.2d 272; Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954); Fidelity Construction Co. v. Arthur J. Collins & Sons, Inc., 130 So.2d 612.
We therefore hold that section 440.11, Florida Statutes (1987), entitles a subcontractor to immunity from actions at law for negligence brought by employees of sub-subcontractors because of the liability of the subcontractor to provide worker’s compensation benefits under section 440.10(1), Florida Statutes (1987), to the employees of its sub-subcontractor.
Affirmed.
HERSEY, C.J., and LETTS, J., concur.