630 So.2d 639 (1994)
HOLMES COUNTY SCHOOL BOARD, Appellant,
v.
Terry DUFFELL and Linda Duffell, Appellees.
No. 93-917.
District Court of Appeal of Florida, First District.
January 6, 1994.
Rehearing Denied February 8, 1994.
Michael W. Kehoe of Fuller, Johnson & Farrell, P.A., Tallahassee, for appellant.
Barry Gulker of Caminez, Walker & Brown, Tallahassee, for appellees.
*640 PER CURIAM.
The Holmes County School Board (Board) appeals from a non-final order of the trial court denying its motion for summary judgment. We have jurisdiction, Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi), and affirm.
Appellee Terry Duffell was employed by the Board as a custodian. Duffell was injured at work when a school bus driver, Robert Lewis, negligently allowed his school bus to roll forward, pinning Duffell against another vehicle. Duffell filed a civil suit against the Board, which sought summary judgment claiming immunity under Chapter 440, Florida Statutes (1991) (the Workers' Compensation Act). The trial court denied the motion, and the Board's appeal of that ruling was dismissed as untimely filed.
Duffell thereafter entered into a settlement of his workers' compensation claim against the Board, pursuant to section 440.20(12)(a), Florida Statutes (1991). The settlement was approved by the Judge of Compensation Claims, and released the Board from all further liability for workers' compensation benefits except future medical expenses. The Board again moved for summary judgment in the civil suit, citing Duffell's acceptance of workers' compensation benefits and the settlement of his claim. The trial court again denied the motion, holding that "[b]ecause this is essentially a third-party action predicated upon the negligence of Robert Lewis, an employee of [the Board,] the acceptance of workers' compensation benefits does not affect [Duffell's] right to bring this action."
The Board argues that the trial court order appealed herein improperly allows Duffell to repudiate his previous position that he was injured in the course and scope of his employment, in order to obtain further remuneration from the Board in a civil action. See Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978); Mandico v. Taos Construction Inc., 605 So.2d 850 (Fla. 1992) (a claimant who claims and receives workers' compensation benefits will be found to have elected such compensation as an exclusive remedy where there is evidence of a conscious choice of remedies). We do not find these cases controlling.
Section 440.11(1), Florida Statutes (1991), provides that workers' compensation is not a claimant's exclusive remedy as to liability of a fellow employee "when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment" (emphasis added). Thus, any claimant may bring a civil action against a fellow employee where it is shown that the two were engaged in unrelated works.
The effect of section 440.11(1) when the claimant is a public employee is to open the governmental employer to civil liability in addition to its worker's compensation obligations. That is because, in the case of a public employee, the government employer steps into the shoes of the liable fellow employee. § 768.28, Fla. Stat. (1991). Thus, it is not inconsistent for Duffell, a public employee, both to accept workers' compensation benefits, and to seek relief in a civil suit. By taking the latter action, he is simply asserting a right afforded to all employees by the Legislature, pursuant to section 440.11(1). See, e.g., Department of Corrections v. Koch, 582 So.2d 5 (Fla. 1st DCA), rev. denied 592 So.2d 679 (Fla. 1991) (an injured employee of a governmental entity may sue the governmental entity in a civil action, despite the occurrence of the injury in the workplace, so long as the injured employee does not work in a job related to the tortfeasor's job).
Based on the foregoing, the order of the trial court denying the Board's motion for summary judgment is affirmed.
ZEHMER, C.J., and LAWRENCE and DAVIS, JJ., concur.