830 So.2d 961 (2002)
James KITE, Appellant,
v.
ESCAMBIA COUNTY, Florida, Appellee.
No. 1D01-3245.
District Court of Appeal of Florida, First District.
November 25, 2002.
*962 Mark A. Bednar, Pensacola, for Appellant.
Alison Perdue, Assistant County Attorney, Pensacola, for Appellee.
BROWNING, J.
Appellant appeals a summary judgment granted on the basis that he, an employee of Appellee, could not sue Appellee under the "unrelated works" exception provided in section 440.11(1), Florida Statutes (1995), and that his action is barred by workers' compensation immunity, as he failed to allege any negligence by a fellow co-worker doing unrelated work for Appellee. We reverse and remand.
Appellant was employed by Appellee as a correctional officer and, while supervising prisoners, visited Appellee's landfill with his prisoner crew to dispose of trash. While there, Appellant stepped on a loose tool left near the unloading ramp, causing him to fall down an embankment. His fall resulted in injuries to his neck, shoulder, back, and ribs. Appellant sought and received the full panoply of workers' compensation benefits. Then, Appellant filed suit against Appellee regarding his accident, alleging Appellee negligently maintained the landfill site and created a dangerous condition by permitting discarded tools in the unloading area, by not having guardrails and barricades around the embankment, and by failing to warn Appellant of a dangerous condition that Appellee was aware of or should have been aware of. Appellant did not designate an employee of Appellee as the perpetrator of any of the specific negligent acts and omissions. After discovery, Appellee moved for summary judgment, which was granted. This is reversible error.
An employee covered by workers' compensation insurance can sue an employer for the negligent acts of a fellow employee when such employee "is assigned primarily to unrelated works within private or public employment." See § 440.11(1), Fla. Stat. (1995). This provision is not limited by section 768.28, Florida Statutes (1995), when applied to public employees. See Holmes County Sch. Bd. v. Duffell, 630 So.2d 639 (Fla. 1st DCA 1994). Further, when such a suit is filed, it is unnecessary for a fellow co-worker to be named. See Florida Dep't of Transp. v. Juliano, 801 So.2d 101 (Fla.2001).
Here the trial court incorrectly applied these principles. There are genuine issues of fact in dispute regarding Appellant's entitlement to sue under the "unrelated works" exception to section 440.11(1), Florida Statutes (1995), that preclude summary judgment. Accordingly, his action is not barred by workers' compensation immunity. Holmes, 630 So.2d at 639. Further, it is not fatal to Appellant's claim that he failed to name any specific fellow co-worker whom he alleged to be negligent. Juliano, 801 So.2d at 101.
REVERSED and REMANDED.
BARFIELD and KAHN, JJ. CONCUR.