GROSS, J.
Latite Roofing and Sheet Metal Company, Inc. appeals a non-final order determining that it was not entitled to workers’ compensation immunity as a matter of law.[1] We reverse, because the record demonstrates that Latite Roofing was entitled to workers’ compensation immunity as a statutory employer.
In 1999, Latite Roofing entered into a contract with Stiles Construction Company to “furnish and install metal deck with lightweight insulation concrete and perform roofing work” for a project named Boulevard Square. To perform the work, Latite Roofing contracted with East Coast Metal Deck, which provided laborers for the job. East Coast obtained workers’ compensation insurance and designated Latite Roofing as the certificate holder in a certificate of insurance.
East Coast employed appellee, Timothy Barker, as a construction worker. He was injured on the job and received workers’ compensation benefits for his injuries. Barker also sued a number of defendants including Latite Roofing, which he claimed had sold East Coast a defective roof deck.
Section 440.11(1), Florida Statutes (2002), provides that an employer’s liability “prescribed in s. 440.10 shall be exclusive and in place of all other liability to the employee.... ” Section 440.10(l)(b), Florida Statutes (2002), sets out the concept of a statutory employer:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of *1066 the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
“The purpose of section 440.10 is to insure that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking.” Roberts v. Gator Freightways, Inc., 538 So.2d 55, 60 (Fla. 1st DCA 1989).
Latite Roofing argues that this case is controlled by Dempsey v. G & E Construction Co., 556 So.2d 426 (Fla. 4th DCA 1989). In Dempsey, this court held that a subcontractor was immune from suit brought by an employee of its sub-subcontractor. Id. at 427. There, the general contractor subcontracted with G & E to perform structural work on a construction site. Id. at 426. G & E sub-subcontracted with Dixie Steel to perform a portion of the structural work. Id. Dempsey, Dixie Steel’s employee who was injured while performing the work, received workers’ compensation benefits from Dixie Steel, and filed suit against G & E for negligence. Id. The trial court granted summary judgment in favor of G & E, finding it was immune from suit. Id. This court affirmed, reasoning that “the subcontractor obtains immunity because it has the commensurate liability to secure compensation to the employees of the sub-subcontractors to whom it has sublet part of its contract work.” Id. at 427. G & E’s liability to provide benefits under section 440.10(1) therefore entitled it to immunity from Dempsey’s suit. Id.
In this case, general contractor Stiles subcontracted a portion of its work to La-tite Roofing. Latite Roofing then sub-subcontracted with East Coast, which provided laborers for the job. East Coast’s employee, Barker, was injured while performing the work and received workers’ compensation benefits from East Coast. Under these circumstances, Latite Roofing is a statutory employer that is immune from suit.
Barker argues that Latite Roofing was in breach of its contract with Stiles for failing to comply with a provision that prohibited the use of subcontractors without “written permission” from Stiles. Compliance with that term of the contract has no bearing on whether Latite Roofing was Barker’s statutory employer under section 440.10(l)(b). The focus of that section is to secure workers’ compensation coverage for employees. Latite Roofing made sure that East Coast had compensation coverage for Barker’s injury. Having performed in the way the statute sought to encourage, Latite Roofing is entitled to immunity as a statutory employer, even if it did not strictly comply with a provision of its contract with Stiles.
Finally, there is adequate evidence in the record of Latite Roofing’s subcontract with East Coast.
We reverse and remand to the circuit court for entry of an order that Latite Roofing was entitled to workers’ compensation immunity as a matter of law.
STEVENSON and HAZOURI, JJ., concur.

. This court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(3)(C)(v).