899 So.2d 1146 (2005)
Jose LLUCH, Appellant,
v.
AMERICAN AIRLINES, INC., and Carlton Lloyd Service, Appellees.
No. 3D03-3118.
District Court of Appeal of Florida, Third District.
March 16, 2005.
Rehearing Denied April 29, 2005.
Fernando Freire; and Billbrough & Marks, and Geoff Marks, Miami, for appellant.
Arthur C. Moller, Miami, and Roger A. Zaldivar, for appellees.
Before LEVY, C.J., and GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
Jose Lluch appeals the trial court's summary judgment entered in favor of defendants American Airlines, Inc. and Carlton Lloyd Service, as well as dismissal of Lluch's complaint with prejudice, based on workers' compensation immunity provided to a statutory employer under section 440.11, Florida Statutes (2003). We reverse and remand because we hold that there was a genuine issue of material fact whether Lluch and Service were involved in "unrelated works," thus precluding summary judgment.
Lluch, a custodian/janitor employed for over ten years by ABM Janitorial Services, worked at Miami International Airport. ABM has a contract with American to provide cleaning services for American at the airport. Their contract expressly provides that ABM is an independent contractor.
Lluch's duties included cleaning and disposing of trash in offices, common areas, ramps and gates. Using a vacuum tractor, he cleaned the outdoor luggage ramps used by all airlines. He also picked up and disposed of discarded pallets and cleaned up oil spills from aircraft.
*1147 Lluch had never observed Miami-Dade County personnel inspect the ramp area. That was the responsibility of American employees. He received his work instructions from ABM supervisors, and they inspected his work. He never received any orders or was supervised by American employees or managers. He did not work with any American employees in any common endeavors, and he was prohibited from having anything to do with baggage handling or cargo. He did not load, unload or transport baggage. Lluch did not have anything to do with operation, cleaning, or maintenance of the baggage carousel. Sometimes, he was requested by ABM to clean the floor area adjacent to the baggage carousel. In his deposition, Lluch stated that with regard to the baggage ramp where the airplanes are located (not the airplane's conveyor belt), he made sure that the ramp was clean. Many times he cleaned the carousel underneath the building where the bags are placed to go inside the terminal.
On January 27, 2003, Lluch was working at the airport pulling a large trash cart towards a garbage corral so he could dump American's office trash into a garbage tank. Tractors, tugs, pickup trucks and numerous other motorized vehicles were moving around the area where Lluch was pulling the trash cart. At approximately 3:00 p.m., Carlton Service, an American baggage handler, was operating an American tractor pulling several baggage carts in the area where Lluch was pulling the trash cart. Service hit the trash cart, the cart hit Lluch, and it fell on top of him. Lluch could not get up; his foot was broken. He filed a workers' compensation claim with ABM and is receiving workers' compensation benefits.
Lluch then sued American and Service for negligence. American and Service denied the material allegations of the complaint and asserted the affirmative defense of workers' compensation immunity of Chapter 440, Florida Statutes. American and Service moved for summary judgment on this immunity contending that American was Lluch's statutory employer according to section 440.10(1)(b) and the contract between American and ABM. Service contended that he enjoyed co-employee immunity pursuant to section 440.11(1).
The defendants filed the affidavit of Clifford Coll, American's manager of airport services, who stated that ABM has responsibility for keeping the baggage loading area and conveyor belt in "clean debris free condition." The defendants also filed Lluch's deposition. Lluch testified that he had nothing to do with the operation, cleaning or maintenance of the baggage carousel, although ABM sometimes requested that he clean the floor area adjacent to the carousel. Lluch's deposition provided the only evidence of Service's duties, which Lluch described as loading and unloading baggage from aircraft and delivering it to baggage claim areas. Before the accident occurred, he did not know Service.
We agree with Lluch's contention that the trial court erred in granting summary judgment on workers' compensation immunity by concluding that he and Service were not engaged in unrelated works where there was disputed evidence as to the nature and scope of the employee's work. According to section 440.10, American is considered a contractor. See Delta Air Lines, Inc. v. Cunningham, 658 So.2d 556 (Fla. 3d DCA 1995). Under section 440.10, when a contractor sublets any part or parts of its contract work to a subcontractor, all of the employees of the contractor and the subcontractor engaged in such contract work shall be deemed to be employed in one and the same business or establishment. See § 440.10(1)(b), Fla. *1148 Stat. (2003). To qualify as a statutory employer, the employer must be under a contractual obligation to perform a task, service or work of some kind for another, and some portion of that work, task or service has to be sublet to another contractor. See S. Sanitation v. Debrosse, 463 So.2d 420 (Fla. 1st DCA 1985). We agree with the trial court that American satisfies this test and thus, American was the statutory employer of Lluch.
We further agree with the trial court that although the contract between ABM and American provided that the relationship between ABM and American shall be that of independent contractors and in no event shall persons employed by either party be held or construed to be employees of the other, Lluch can still be considered an American employee. In Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla.1989), the Florida Supreme Court held that Gator Freightways was the statutory employer of Roberts, an employee of the independent contractor of Gator Freightways. In that case, the contract between Gator Freightways and Roberts' employer contained the same language as the contract between ABM and American; the contract stated that employees of the independent contractor were not to be deemed employees of Gator Freightways. Id. at 1118. The Florida Supreme Court stated that the purpose of section 440.10 was to "insure that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking." Id. at 1119. Consequently, the trial court correctly found that American qualifies as the statutory employer of Lluch, despite the independent contractor clause of the contract between ABM and American.
On the issue of whether workers' compensation immunity is inapplicable here because Lluch and Service were assigned and engaged in unrelated works, we conclude that there are material questions of fact preventing its resolution by summary judgment. According to section 440.11(1), workers' compensation immunity is inapplicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. See Florida Dep't of Transp. v. Juliano, 864 So.2d 11, 16 (Fla. 3d DCA 2003), review denied, 866 So.2d 1212 (Fla.2004). Based on the record before us, there are issues of fact as to whether Lluch and Service were assigned primarily to unrelated works precluding summary judgment.
In Taylor v. School Board of Brevard County, 888 So.2d 1 (Fla.2004), the Florida Supreme Court concluded that the "unrelated works" exception to workers' compensation immunity was to be interpreted narrowly and "applied only when it can clearly be demonstrated that a fellow employee whose actions caused the injury was engaged in works unrelated to the duties of the injured employee." Id. at 5. Applying this test to the facts before us, we believe that whether Lluch and Service were involved in unrelated works was a fact issue which precluded summary judgment. See Lake v. Ramsay, 566 So.2d 845, 848 (Fla. 4th DCA 1990)(holding that, because there were factual disputes, the issue could not appropriately be resolved by summary judgment); Kite v. Escambia County, 830 So.2d 961, 962 (Fla. 1st DCA 2002)(summary judgment precluded because genuine issues of material fact existed regarding employee's entitlement to sue under the unrelated works exception).
In reaching this conclusion, we are persuaded by Justice Lewis' concurrence in *1149 Taylor. Justice Lewis notes that the legislature has not defined what is meant by "related work" within the private or public employment. Taylor, 888 So.2d at 4. As outlined by the Fourth District in Palm Beach County v. Kelly, 810 So.2d 560 (Fla. 4th DCA 2002), and School Board of Broward County v. Victorin, 767 So.2d 551 (Fla. 4th DCA 2000), Florida courts have utilized two different tests to determine whether employees are involved in "unrelated works." The first is a case-by-case analysis focusing on whether the employees are part of a team or working on the same project. See, e.g., Dade County Sch. Bd. v. Laing, 731 So.2d 19 (Fla. 3d DCA 1999). The second is a bright-line test examining the physical location where the employees work and whether they have a unified business purpose. See, e.g., Lopez v. Vilches, 734 So.2d 1095, 1096-98 (Fla. 2d DCA 1999), disapproved, 888 So.2d 1 (Fla.2004).
In his Taylor concurrence, Justice Lewis proposes applying a consolidated "physical location/business purpose" test and case-by-case "same project" test in determining whether the unrelated works exception is applicable. He explained that:
... the concept of team or specific business project should not be so broadly defined as to render the exception meaningless nor defined so narrowly as to permit the exception to totally eviscerate the fundamental rule of co-employee immunity. For example, to include every employee who may perform some work at an educational, hospital, or other similar facility as being within the same team or specific business project concept would, in my view, be fundamentally flawed. In a generalized manner, everything within the universe may be said to be "related" in the broadest of philosophical terms, which would lead to the absurd result that nothing could ever be "unrelated" to the specific business project. Thus, although every activity or item of work performed at or near such a facility could in the broadest of terms be generally and theoretically viewed as the general purpose of the business conducted at such location if such analysis were approved, the simple fact of common employment itself could simply swallow and erase the legislatively created exception, a result that would frustrate legislative will, intent, and power.
Taylor, at 14-15.
The fact-finder should look "at a number of factors, including the size of the facility, the diversity of the acts performed there, and the relationship of the diverse activities being performed at the location." Id. Here, applying the "physical location/business purpose" test, both Lluch and Service worked at the airport in the area where the baggage is unloaded from the airplanes. However, Lluch's job required him to be elsewhere for a significant part of his work day because he had to remove the trash from American offices and haul it away to the garbage dumpsters. He was not required to clean under the baggage carousel on a regular basis. Lluch had nothing to do with Service and, in fact, had no idea who Service was.
Applying the "same project" test, Lluch and Service were not part of same team because they had two different employers. Lluch is employed by ABM, and Service is employed by American. Service is a baggage handler, and Lluch cleans and removes trash. Lluch's testimony reveals that the two men had never met each other before the date of the accident. They received different instructions from different people, unlike the scenario in Sanchez v. Dade County School Board, 784 So.2d 1172, 1173 (Fla. 3d DCA 2001), review dismissed as improvidently granted, 889 So.2d 778 (Fla.2004). The affidavit *1150 of Clifford Coll stated that ABM has responsibility for keeping the baggage loading area and conveyor belt in "clean debris free condition." In opposition, Lluch stated that he has nothing to do with the operation, cleaning or maintenance of the baggage carousel, although sometimes ABM requested that he clean the floor area adjacent to the carousel. Lluch and Service were not true fellow employees. As such this is not a case where the workers' compensation immunity should be applied, as in a motion for summary judgment, to prevent Lluch from pursuing his negligence claim against a third party.
Consequently, we believe there was a genuine issue of material fact precluding summary judgment for American and Lluch which was sufficient to allow the "unrelated works" issue to go to the jury. Thus, we reverse the summary judgment entered in favor of American and Service and remand for further proceedings.
Reversed and remanded.