CLARK, J.
The appellant, the personal representative of the estate of Walter Villalta, challenges a summary final judgment entered in favor the appellee, Cornn International, in a civil action for damages upon the death of Mr. Villalta. In the summary judgment the trial court properly ruled that to avoid the statutory immunity from suit provided in the Workers’ Compensation Law at section 440.11(1), Florida Statutes, the appellant was required to establish that Cornn International committed an intentional tort. The trial court determined that the depositions, affidavits, and other supporting evidence did not reflect *953 an intentional tort. The summary judgment is therefore affirmed.
The general contractor for the project subcontracted the drywall work to Cornn International, who further subcontracted the drywall finishing to L & W Drywall Services. Mr. Villalta was employed as a drywall finisher by L & W. Mr. Villalta was thus employed by the general contractor’s sub subcontractor, and Cornn International’s sub contractor. Upon that vertical relationship, Cornn International became Mr. Villalta’s statutory employer pursuant to section 440.10(1), Florida Statutes, and was thus entitled to the immunity from civil suit granted by section 440.11(1), Florida Statutes. See Mena v. J.I.L. Construction Group, 79 So.3d 219 (Fla. 4th DCA 2012); Latite Roofing & Sheet Metal Co. v. Barker, 886 So.2d 1064 (Fla. 4th DCA 2004); see also Dempsey v. G & E Construction Co., 556 So.2d 426 (Fla. 4th DCA 1989).
While engaged in the drywall employment as described above, Mr. Villalta fell from a scaffold and sustained fatal injuries. The appellant filed a civil suit for damages naming several defendants, including Cornn International which then asserted its immunity from suit granted by section 440.11(1). An exception to the statutory immunity applies if an intentional tort was committed. See § 440.11(l)(b), Fla. Stat. The evidence submitted by the appellant did not show the commission of an intentional tort in this case. The appellant relied on a theory of gross negligence and asserted that the suit could be brought against Cornn International pursuant to section 440.10(l)(e)2., Florida Statutes, which provides section 440.11 immunity for a subcontractor sued by the employee of another subcontractor, unless the first subcontractor’s own gross negligence was the major contributing cause of the injury. However, reliance on the gross negligence provision in section 440.10(l)(e)2., ignores the distinction between a vertical subcontracting relationship as described in Chase v. Tenbroeck, 399 So.2d 57 (Fla. 3d DCA 1981), and upon which section 440.11(1) immunity applies, and the horizontal type of subcontractor relationship to which section 440.10(l)(e)2. may be invoked. See also Ramcharitar v. Derosins, 35 So.3d 94 (Fla. 3d DCA 2010); Amorin v. Gordon, 996 So.2d 913 (Fla. 4th DCA 2008).
As explained in Chase v. Tenbroeck, supra, a vertical relationship is created when a contractor sublets part of the work to a subcontractor, who then further sublets work to another subcontractor. That is the situation in the present case. In contrast, a horizontal relationship exists between subcontractors engaged on the same construction project but under different subcontracts outside the vertical chain of a contractor to subcontractor to sub-subcontractor. The immunity granted to subcontractors outside that vertical chain is governed by section 440.10(1), including the section 440.10(l)(e)2. provision for gross negligence. See Amorin v. Gordon, 996 So.2d 913 (Fla. 4th DCA 2008). The immunity for subcontractors within a vertical relationship, as in the present case, is governed by section 440.11(1), with the section 440.11(l)(b) intentional tort exception. See Mena v. J.I.L. Construction Group, supra. Because the evidence submitted by the appellant in this case does not support an intentional tort, and because Cornn International was in a vertical subcontracting relationship with L & W and was Mr. Villalta’s statutory employer for workers’ compensation benefits, Cornn International was entitled to the section 440.11(1) immunity. The gross negligence exception in section 440.10(l)(e)2. does not apply in this situation, and the summary judgment in this civil suit was properly entered for *954 Cornn International, in accordance with section 440.11(1).
The appealed order is AFFIRMED.
WOLF and VAN NORTWICK, JJ, concur.