IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

September 2, 2016

MICHAEL SCOTT WERT; RUBBER )
APPLICATIONS, INC., a Florida )
corporation; and FCCI COMMERCIAL )
INSURANCE CO., )
 )
      Appellants, )
 )
v. )    CASE NOS. 2D14-1525
 )                  2D14-2724
MICHAEL CAMACHO and STEPHANIE )           2D14-3209
CAMACHO, )    CONSOLIDATED
 )
      Appellees. )
_____ )

BY ORDER OF THE COURT:

Upon consideration of Appellants' motion for rehearing and/or clarification

filed April 13, 2016,

IT IS ORDERED that Appellants' motion for rehearing and/or clarification

is granted in part and denied in part.  The opinion issued on March 30, 2016, is

withdrawn, and the following opinion is substituted therefor.  The remand language on

the final page has been amended; the remainder of the opinion is unchanged.  No

further motions for rehearing or clarification will be considered.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


_____
MARY ELIZABETH KUENZEL, CLERK

cc:  Sharon C. Degnan, Esquire
     M. Lance Holden, Esquire

Joel D. Eaton, Esquire
Clerk of Court

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL SCOTT WERT; RUBBER )
APPLICATIONS, INC., a Florida )
corporation; and FCCI COMMERCIAL )
INSURANCE CO., )
             )
             Appellants, )
             )
v. )       Case Nos. 2D14-1524
             )                    2D14-2724
MICHAEL CAMACHO and STEPHANIE )                    2D14-3209
CAMACHO )     CONSOLIDATED
             )
             Appellees. )
             )
_____ )

Opinion filed September 2, 2016.

Appeals from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Sharon C. Degnan of Kubicki Draper,
Fort Lauderdale, for Appellants.

M. Lance Holden of Brennan, Holden &
Kavouklis, P.A., Winter Haven; and
Joel D. Eaton of Podhurst Orseck,
P.A., Miami, for Appellees.


MORRIS, Judge.

           Michael Scott Wert and Rubber Applications, Inc., appeal a final judgment

entered against them on Michael and Stephanie Camachos' complaint for negligence

against Wert and vicarious liability against Wert's employer, Rubber Applications, for a

workplace injury suffered by Michael Camacho.[1]  They also appeal separate final judgments awarding the Camachos attorneys' fees and costs.  Wert and Rubber Applications argue, among other things, that because Wert and Camacho were not employees of the same employer, the trial court erred in ruling that the unrelated works exception to workers' compensation immunity applies in this case to allow the Camachos to recover from Wert and Rubber Applications.  We agree and reverse the final judgments.  Because this issue is dispositive of this case, we do not reach the other issues raised in this appeal.

This case involves a workplace accident between employees of two subcontractors working on a comprehensive maintenance project at the Mosaic fertilizer plant in Bartow, Florida.  During the project, parts of the plant were shut down while various subcontractors performed maintenance, repairs, and upgrades.  Wert was a superintendent for subcontractor Rubber Applications, and Camacho was employed by subcontractor Mid-State.  Mid-State had set up a staging area for equipment and tools near a shack rented by Rubber Applications.  On December 5, 2010, Wert left a safety meeting in Rubber Applications' shack, entered his truck, and backed out from the side of the shack.  As he put his truck in drive, he noticed Camacho laying behind his truck.

In September 2012, Camacho and his wife filed an action against Wert for negligence and against Rubber Applications for vicarious liability for Wert's negligence.  Wert and Rubber Applications asserted several affirmative defenses, including workers' compensation immunity.  In reply to that affirmative defense, the Camachos alleged that Camacho and Wert "were assigned primarily to unrelated works within private

---

[1]FCCI Commercial Insurance Co. also appeals the final judgments along with Wert and Rubber Applications.

employment" and that "[a]ny immunity asserted by the [d]efendants is subject to the unrelated works exception contained within [section] 440.11(1)," Florida Statutes (2010). The Camachos filed a motion for summary judgment on the issue of workers' compensation immunity, and in response, Wert and Rubber Applications argued that they were entitled to subcontractor statutory immunity under section 440.10(1)(e), which they also referred to as horizontal immunity. Wert and Rubber Applications also moved for summary judgment, asserting that Mosaic was the statutory employer of Rubber Applications, that Mosaic was also the statutory employer of Mid-State, and that Rubber Applications and Mosaic were dependent horizontal subcontractors of Mosaic working on the same project. Wert and Rubber Applications alleged that section 440.10(1)(e) therefore applied. The trial court denied the motions.

On the morning of trial, Wert and Rubber Applications renewed their motion, arguing that the unrelated works exception requires two people to be employed by the same employer and that it does not apply to this case because Wert and Camacho were not employed by the same employer. Camacho responded that Mosaic is the statutory employer of its subcontractors' employees. The trial court denied the motion, and the trial commenced.

After Camacho presented his case and again at the close of all of the evidence, Wert and Rubber Applications moved for a directed verdict, arguing that as a question of law, the unrelated works exception did not apply to a claim of immunity between two subcontractors in a horizontal relationship, as opposed to a vertical relationship. Wert and Rubber Applications argued that under section 440.10(1)(e), they were immune from liability because Camacho did not prove that Wert was grossly

negligent. They further argued that even if the unrelated works exception applied, both Wert's and Camacho's employers were engaged in related works. The Camachos moved for a directed verdict on the basis that the subcontractors are considered statutory coemployees of Mosaic for purposes of workers' compensation immunity under section 440.10(1)(b), but that an exception to the immunity applies under section 440.11 because the subcontractors were engaged in unrelated works. The trial court ruled that the evidence showed that Camacho and Wert were engaged in unrelated works. The trial court found that they "were not working at the same location, they were not working, cooperating as a team to accomplish any specific mission. They did not have similar job duties. They did not have the same supervisor, and they were not using any of the same equipment." The trial court denied Wert and Rubber Applications' motion for directed verdict and granted the Camachos' motion. The trial court accordingly instructed the jury that Wert and Camacho "were primarily engaged in unrelated work on December the 5th, 2010, and, therefore, the defendants are not entitled to workers' compensation immunity." The jury found that Wert was 90% negligent and that Camacho's employer, Mid-State, was 10% negligent.

Wert and Rubber Applications filed a posttrial motion[2] renewing their motion for directed verdict and reasserting that the unrelated works exception did not apply given the relationship between the parties. They also claimed that Wert and Camacho were engaged in related works. The trial court denied the motion and entered final judgment against Wert, Rubber Applications, and FCCI Commercial Insurance Co.

---

[2]The motion was titled "Defendant's Motion for Judgment Notwithstanding the Verdict, Motion for Judgment in Accordance with Prior Motions for Directed Verdict and/or Alternatively, Motion for New Trial and/or Remittitur."

and in favor of Camacho in the amount of $1,870,484.40 and in favor of Camacho's wife in the amount of $432,043.20.

On appeal, Wert and Rubber Applications maintain the position they asserted below that the unrelated works exception does not apply to the facts of this case. They argue that the trial court erred in denying their motion for directed verdict.

The Workers' Compensation Law in chapter 440, Florida Statutes, is a "comprehensive scheme . . . that generally provides workers' benefits without proof of fault and employers immunity from tort actions based upon the same work place incident." Aravena v. Miami-Dade County, 928 So. 2d 1163, 1167 (Fla. 2006) (quoting Taylor v. Sch. Bd. of Brevard Cty., 888 So. 2d 1, 2 (Fla. 2004)). An employer is liable for compensating an employee who suffers an accidental injury or death arising out of work performed in the course and scope of employment. See §§ 440.09, .10. "[S]ection 440.11(1) provides that this liability is 'exclusive and in place of all other liability' as to third-party tortfeasors and employees, save for certain legislatively created exceptions," and "[t]he immunity afforded to the employer under section 440.11(1) also extends to 'each employee of the employer when such employee is acting in furtherance of the employer's business.' " Aravena, 928 So. 2d at 1167. "However, this coemployee immunity does not apply . . . 'to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.' " Id. (quoting § 440.11(1)). This exception is known as the unrelated works exception.

In order to establish that Camacho and Wert were coemployees of the same employer so that the unrelated works exception in section 440.11(1) would apply,

Camacho relied on section 440.10(1)(b), which addresses contractors and subcontractors:

> In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.

Both sides proceed on the premise that Mosaic is a contractor under section 440.10, but they disagree on whether subsection (1)(b) of section 440.10 applies to the relationship between subcontractors Rubber Applications and Mid-State. Wert and Rubber Applications claim that this statutory employer concept does not apply here because Wert's employer, Rubber Applications, and Camacho's employer, Mid-State, did not work under the same contract with Mosaic. Cf. Villalta v. Cornn Int'l, Inc., 110 So. 3d 952, 953 (Fla. 1st DCA 2013) (holding that drywall finisher was statutory employee of general contractor because "[t]he general contractor for the project subcontracted the drywall work to [subcontractor], who further subcontracted the drywall finishing to [another subcontractor]"); Lluch v. Am. Airlines, Inc., 899 So. 2d 1146, 1147-48 (Fla. 3d DCA 2005) (holding that airline was "statutory employer" of custodian because custodian worked for janitorial services subcontractor, who had a contract with airline to provide cleaning services at airport, and applying unrelated works exception because contractor's employee was coemployee with subcontractor's employee). Wert claims that if the statutory employer concept in section 440.10(1)(b) were to apply to this horizontal relationship between Rubber Applications and Mid-State, it would render

- 6 -

meaningless the immunity for horizontal subcontractor relationships provided in section 440.10(1)(e).

> Section 440.10(1)(e) provides as follows:
>
> A subcontractor providing services in conjunction with a contractor on the same project or contract work is not liable for the payment of compensation to the employees of another subcontractor or the contractor on such contract work and is protected by the exclusiveness-of-liability provisions of s. 440.11 from any action at law or in admiralty on account of injury to an employee of another subcontractor, or of the contractor, provided that:
> 1. The subcontractor has secured workers' compensation insurance for its employees or the contractor has secured such insurance on behalf of the subcontractor and its employees in accordance with paragraph (b); and
> 2. The subcontractor's own gross negligence was not the major contributing cause of the injury.

The First District explained the difference between vertical and horizontal relationships:

> [A] vertical relationship is created when a contractor sublets part of the work to a subcontractor, who then further sublets work to another subcontractor. . . . In contrast, a horizontal relationship exists between subcontractors engaged on the same construction project but under different subcontracts outside the vertical chain of a contractor to subcontractor to sub-subcontractor.

Villalta, 110 So. 3d at 953; see also Ramcharitar v. Derosins, 35 So. 3d 94, 96-97 (Fla. 3d DCA 2010) (explaining the statutory history of vertical and horizontal immunity).

Vertical relationships as set forth in section 440.10(1)(b) are subject to the liability in section 440.10 and immunity in section 440.11, while horizontal relationships are subject to the liability in section 440.10 and immunity in section 440.10(1)(e). See Villalta, 110 So. 3d at 953; see also Amorin v. Gordon, 996 So. 2d 913, 915-18 (Fla. 4th

DCA 2008) (explaining vertical relationships under section 440.10(1)(b) and horizontal relationships under section 440.10(1)(e)).[3]

Based on the above-cited law, we agree that section 440.10(1)(b) does not apply here to create an employment relationship of any kind between Rubber Applications and Mid-State. While Rubber Applications and Mid-State were both subcontractors of Mosaic and thus employees of Mosaic, they were not part of the same "contract work" with Mosaic. No vertical relationship existed between Rubber Applications and Mid-State, and therefore, section 440.10(1)(b) does not "deem[] [them] to be employed in one and the same business or establishment." It then follows that because they are not employees of the same employer, the unrelated works exception in section 440.11 does not apply. Cf. Lluch, 899 So. 2d at 1147-48 (applying unrelated works exception where contractor's employee injured subcontractor's employee).

Accordingly, the trial court erred in granting the Camachos' motion for directed verdict and in instructing the jury that Wert and Rubber Applications were not entitled to workers' compensation immunity based on the unrelated works exception. See Marriott Int'l, Inc. v. Perez-Melendez, 855 So. 2d 624, 628 (Fla. 5th DCA 2003) ("[A] motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party and the trial court determines that no reasonable jury could render a verdict for that party." (citations

---

[3]"Section 440.10(1)(b) [requires contractors] to secure coverage for the employees of subcontractors engaged on sublet contract work." VMS, Inc. v. Alfonso, 147 So. 3d 1071, 1073-74 (Fla. 3d DCA 2014). When such coverage has been secured, the contractor is immune from suit. Id. And section 440.10 requires subcontractors to secure coverage for their employees. But there is no comparable requirement that a subcontractor secure coverage for the employees of a fellow subcontractor.

omitted)).  We reverse and remand for further proceedings on the Camachos' complaint for negligence and vicarious liability, in which proceedings Wert and Rubber Applications may assert their defense of horizontal immunity under section 440.10(1)(e). We express no opinion on whether Wert and Rubber Applications are entitled to immunity under that standard.  We also reverse the final judgments on costs and attorneys' fees.

Reversed and remanded.


WALLACE and CRENSHAW, JJ., Concur.