400 So.2d 181 (1981)
Louis A. MARTA, Appellant,
v.
CONTINENTAL MANUFACTURING COMPANY, INC., a Florida Corporation, Reserve Insurance Company, Chester Tozzi, Bruening & Bond Insurance Agency, Inc., Appellees.
No. 80-1447.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Frank E. Maloney, Jr., and Earle Lee Butler, Fort Lauderdale, for appellant.
Steven W. Effman, Fort Lauderdale, for appellee Continental Mfg. Co., Inc., a dissolved Florida Corp.
BARKETT, ROSEMARY, Associate Judge.
Louis A. Marta, plaintiff in the trial court, appeals the entry of a final order dismissing his complaint with prejudice. We reverse.
Marta was an employee of the defendant, Continental Manufacturing Company, Inc., when he was injured on the job. He filed a workmen's compensation claim based on this injury, but Continental's insurance carrier disputed the existence of coverage, claiming that Continental's policy had not taken effect until several days after Marta's accident. The matter was submitted to a Judge of Industrial Claims who, after *182 conducting a hearing, determined both that Continental was Marta's employer and that Continental did not have workmen's compensation insurance coverage.
Marta then filed a suit in circuit court pursuant to Section 440.11(1), Florida Statutes (1979). Continental moved to dismiss the complaint on the ground that Marta's original filing of a claim in the Industrial Claims Court constituted an election of remedies which precluded him from later pursuing an action in the circuit court. The trial court granted the dismissal with prejudice.
Section 440.11(1), Florida Statutes (1979), provides that an employee can sue an employer in circuit court for negligence only if the employer fails to secure insurance coverage. Thus, we agree with Marta's contentions that his right to sue in circuit court did not accrue until it had been determined that Continental lacked insurance coverage. Since suit in circuit court was not an option available to Marta prior to that determination, he could not have made an election of remedies.
For the foregoing reasons, we reverse the order dismissing the plaintiff's complaint with prejudice, and remand to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOWNEY and MOORE, JJ., concur.