606 So.2d 1243 (1992)
Daniel WALKER and Gladys Walker, husband and wife, Appellants,
v.
UNITED STEEL WORKS, INC., a Florida Corporation, Appellee.
No. 92-00222.
District Court of Appeal of Florida, Second District.
October 21, 1992.
*1244 Paul W. Hitchens, St. Petersburg, for appellants.
Ted R. Manry, III and H. Vance Smith of Macfarlane Ferguson, Tampa, for appellee.
HALL, Judge.
Daniel and Gladys Walker appeal the final summary judgment entered in favor of United Steel Works, Inc. in their tort action against it. We affirm.
The parties stipulated to the facts that Daniel Walker was injured while in the course and scope of his employment with Bar Fab of Florida, Inc., which had a subcontract with United to erect the steel at an elementary school. Daniel received workers' compensation benefits from Bar Fab's workers' compensation carrier.
The Walkers brought the instant action against United, alleging that Daniel's injuries were caused by United's careless and negligent loading and maintenance of the steel supports on a flatbed truck. The injuries resulted when the supports toppled from the truck onto him. United answered and filed a motion for summary judgment, asserting that it was immune from tort liability by virtue of Florida's Worker's Compensation Law. The trial court agreed with United and entered a final summary judgment in its favor.
By this appeal, the Walkers contend that since the contract between Bar Fab and United required only Bar Fab to provide workers' compensation coverage for its employees, chapter 440 affords United no immunity from their negligence action against it. They cite support for this contention in the last phrase of subsection 440.10(1), Florida Statutes (1989):
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
The Walkers' interpretation of subsection 440.10(1) is not correct. United is entitled to immunity from the Walkers' suit because it was the statutory employer of Bar Fab's employees. In other words, it is the fact of liability that renders United immune from suit under chapter 440, not the fact that its carrier did not actually pay Daniel's worker's compensation benefits. As this court explained the functioning of sections 440.10 and 440.11 in Abernathy v. Employers Ins. of Wausau, 428 So.2d 272, 273-274 (Fla.2d DCA 1982), approved, Employers Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla. 1983),
[s]ection 440.10(1), Florida Statutes (1979),[1] requires all contractors falling within the provisions of chapter 440 to arrange for compensation for their employees in the manner provided by that chapter. In addition, when these contractors sublet work, they must also secure compensation for the subcontractor's employees unless the subcontractor has already so provided. This makes the contractor who sublets work the statutory employer of all employees of its subcontractors working on a particular project. Section 440.11(1) makes this liability to secure compensation the exclusive form of liability of the employer. Therefore, so long as security for compensation is maintained for all their statutory employees, the contractors obligated to secure such compensation are immune from suit.
See also Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910, 912-913 (Fla. *1245 1981) ("It is the liability to secure coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees").
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] The relevant portions of sections 440.10 and 440.11 in the 1989 Florida Statutes are the same as those in the 1979 Florida Statutes.