698 So.2d 1246 (1997)
The MARION POWER SHOVEL COMPANY, a Delaware corporation, Appellant,
v.
Michael HARGIS, Appellee.
No. 97-942.
District Court of Appeal of Florida, Third District.
July 23, 1997.
Rehearing Denied October 1, 1997.
Morlan & Stovash and Harold E. Morlan, Orlando, for appellant.
Bunnell, Woulfe, Kirschbaum, Keller & McIntyre and Dana S. Gehret and Nancy W. Gregoire, Ft. Lauderdale, for appellee.
Before NESBITT, LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Marion Power Shovel Company ["Marion Power"] appeals an adverse partial summary judgment striking its workers' compensation immunity defense. We reverse.
Marion Power is a Delaware corporation authorized to do and doing business in Florida. Marion Power contracted with Tarmac America, Inc. ["Tarmac"], to repair drag line equipment on Tarmac's Dade County property. *1247 Marion Power subcontracted portions of the work to Industrial Contracting and Erecting, Inc. ["Industrial"], an Indiana corporation, with its principal place of business in Indiana. Industrial hired Michael Hargis, an Illinois resident, in Illinois, to work on the Dade County project. Hargis was injured on the job in Dade and collected workers' compensation benefits in Illinois.
Hargis filed an action in Dade County against Marion Power to recover damages for his injuries. Marion Power asserted that it was Hargis's statutory employer and was immune from liability under Florida law for the work-related injuries. Hargis argued that Illinois law, which does not provide similar immunity to statutory employers, should control. Both parties filed motions for summary judgment on the immunity issue. Applying Illinois law, the trial court granted Hargis's motion.
The trial court erred in its choice of law analysis finding that Illinois law controlled. "The first step in conflict of laws analysis is to ascertain the nature of the problem involved: e.g. torts, contracts, property, divorce, etc." Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 587 So.2d 483, 485 (Fla. 4th DCA 1991). Although Hargis's relationship with his employer may be contractual, see Aetna Cas. & Sur., Hargis has brought a tort action sounding in negligence against Marion Power. See Garcia v. Public Health Trust of Dade County, 841 F.2d 1062 (11th Cir.1988). Therefore, the nature of the issue in this case is one of tort, not contract, law.
"The next step in choice of law analysis is to determine the forum's choice of law rule." Aetna Cas. & Sur., 587 So.2d at 485. Florida applies the "significant relationships test" that provides:
The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and parties under the principles stated in § 6.
Restatement (Second) of Conflict of Laws § 145(1)(1971), adopted in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla.1980). To determine which state's interest is most significant, section 6 dictates that we consider the "relevant policies of the forum and the competing state in this interest analysis." Aetna Cas. & Sur., 587 So.2d at 486. Application of section 6 requires consideration of the place of injury, of the place of the conduct causing the injury, and the parties' domicile, residence, place of incorporation, and place of business, as well as the place where the parties' relationship is centered. Restatement (Second) of Conflict of Laws § 145(2)(1971). "These contacts are to be evaluated according to their relative importance with respect to the particular issue." Id.
In this case, the injury occurred in Florida, and the allegedly negligent conduct causing the injury also occurred in Florida. Marion Power and Tarmac are authorized to, and do, conduct business in Florida. The sole non-Florida contacts are Hargis's residence in Illinois, and Industrial's residence in Indiana. Additionally, the parties were aware that they were contracting to perform work in Florida. Weighing these factors, we conclude that Florida has the most significant contacts with the issue, particularly in view of Florida's interest in the predictable administration of workers' compensation insurance and benefits for workers in Florida.
In contrast, Illinois would appear to have de minimis connections to the litigation. Illinois is the state of Hargis's residence and the place where he accepted employment. However, Hargis must have been aware he would be working in Florida. Moreover, Illinois has a minimal interest in the outcome of a tort dispute arising from a Florida accident, or in applying its workers' compensation immunity principles to a Florida lawsuit based on a Florida injury. Because the balance of the policy interests weigh in favor of applying Florida law, we conclude that Florida has the most significant relationship to the issue, and Florida law should be applied.
Under Florida law, Marion Power is immune from liability. Despite choosing to collect benefits in Illinois, Hargis could have received Florida workers' compensation benefits. Philyaw v. Arthur H. Fulton, Inc., *1248 569 So.2d 787 (Fla. 1st DCA 1990). Marion Power, a statutory employer, is immune from liability because it was required by Florida law to provide workers' compensation insurance for Industrial's employees in Florida. Walker v. United Steel Works, Inc., 606 So.2d 1243 (Fla. 2d DCA 1992). Additionally, Restatement (Second) of Conflict of Laws section 184 recognizes this immunity and proscribes tort recovery if the plaintiff could obtain an award in this state.
Based on the foregoing analysis, we conclude that Marion Power is entitled to enjoy the benefits of Florida's workers' compensation immunity for statutory employers. We therefore reverse the summary judgment in Hargis's favor and remand for entry of summary judgment in Marion Power's favor on this issue.
Reversed and remanded.