ALLEN, J.
In this interlocutory appeal, the appellant challenges a partial summary judgment by which it was determined that the appellant was not entitled to workers’ compensation immunity in a civil negligence action because it had failed to “secure payment of compensation” as required by the workers’ compensation law. Because the appellant had secured payment of compensation by securing a policy of workers’ compensation insurance that covered the injured employee, we reverse.
The appellees initiated the lawsuit, alleging that appellee Riley James Pridgeon was injured due to the negligence of the appellant. The appellant thereafter filed an answer in which it asserted workers’ compensation immunity. The appellees then filed a - motion for partial summary judgment claiming that the appellant was not immune from suit because, as a matter of law, the appellant had failed to “secure payment for compensation” as provided for in section 440.11(1), Florida Statutes (1995).
Following a hearing, the trial court determined that the appellant had faded to “secure payment for compensation” because it was undisputed that the appellant had classified Mr. Pridgeon as an independent contractor and that the appellant’s workers’ compensation insurance carrier had therefore not considered Mr. Prid-geon’s risk factors and salary in computing the amount of the appellant’s premium.
Section 440.11(1) provides in pertinent part:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.
(Emphasis added.) The appellant argues that payment of compensation is secured pursuant to this section where a workers’ compensation policy covering the employee is in place when the employee is injured. The appellees respond that by representing to the carrier that Mr. Pridgeon was an independent contractor, thereby avoiding a portion of the premium payable under the policy, the appellant failed to comply with the procedures mandated by section 440.381, and hence failed to “secure payment of compensation as required by this chapter.”
The issue before us is resolved by section 440.38(1), which provides that “every employer shall secure the payment of compensation under this chapter ... [b]y insuring and keeping insured the payment of such compensation with any stock company or mutual company or association or exchange, authorized to do business in the state.” It is undisputed that the appellant had in place at the time of the accident a policy of workers’ compensation insurance that covered all employees of the appellant. Although erroneously classified as an independent contractor, Mr. Pridgeon was an employee of the appellant and was accordingly covered under the policy. We *178 therefore conclude that the appellant did “secure payment of compensation” within the meaning of section 440.11(1).
The partial summary judgment is accordingly reversed and this case is remanded.
PADOVANO and BROWNING, JJ., CONCUR.