MONACO, J.
The issue we address in this appeal is whether the 2004 amendments to the workers’ compensation statutes make ma-terialmen on a construction work site statutory employees for worker’s compensation immunity purposes. We hold that materialmen are still excluded from the definition of a statutory employee, and that the general contractor is therefore not entitled to immunity from tort liability for ordinary job site injuries suffered by an employee of the materialman.[1]
Reduced to their essence, the facts are that the appellant, Adams Homes of Northwest Florida, Inc., was constructing a house that was contracted to be sold to a buyer upon completion. One of the appellants, Jason Lucas Cranfill, was employed by Seacoast Building Supplies. Seacoast contracted to furnish and deliver roofing materials to the construction site. A subcontractor not a party to this action was responsible for actually installing the roof. When Adams Homes needed roofing materials for any of its projects, it would simply telephone Seacoast and order the product. After delivery, Seacoast would give Adams Homes a delivery ticket for payment.
Mr. Cranfill delivered the roofing materials to the roof of the house being constructed by Adams Homes. When he did so, he delivered the products to the roof of the partially constructed home in accordance with Seacoast’s standard operating *613 procedure to “stock the roofs out.” The testimony indicates that this procedure is part of the standard industry practice for roofing material suppliers. Mr. Cranfill alleges that he fell through the roof of the home because the plywood covering it collapsed, and that he was seriously injured as a result.
Mr. Cranfill brought suit against Adams Homes alleging negligent construction or maintenance, and his wife Tyrah Cranfill, sought damages for loss of consortium. The parties filed cross-motions for summary judgment on the issue of whether Adams Homes was entitled to assert worker’s compensation immunity as a defense. More specifically, Adams Homes asserted that Mr. Cranfill was a statutory employee, and that it was accordingly entitled to the defense. Mr. Cranfill took the opposite position. The trial court found that Seacoast was a materialman under the definition found in Chapter 713, Florida Statutes, and that Adams Homes was not entitled to the worker’s compensation immunity defense for an injury suffered by an employee of Seacoast. We agree with that assessment.
With certain exceptions, worker’s compensation benefits are the exclusive remedy for employees who are injured on the job, and their employers are entitled to liability immunity for such injuries. The concept of “employer” has been broadened in an important respect. In the construction law context section 440.10(l)(a) and (b) define what has been described as “statutory employees.”
Section 440.10(l)(a), Florida Statutes provides in this regard that:
Every employer coming within the provisions of this chapter shall be liable for and shall secure, the payment to his or her employees,.... Any contractor or subcontractor who engages in any public or private construction in the state shall secure and maintain compensation for his or her employees under this chapter as provided in s. 440.38.
Section 440.10(l)(b), Florida Statutes, then provides in pertinent part:
In case a contractor sublets any part or parts of his or her contract work to a contractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of any subcontractor who has secured such payment.
By sublet, the Legislature essentially meant to “underlet,” and the effect of subletting is to pass on to another an obligation under a contract for which the person so “subletting” is primarily obligated. See Cuero v. Ryland Group, Inc., 849 So.2d 326 (Fla. 2d DCA), review denied, 855 So.2d 621 (Fla.2003). Thus, section 440.10, Florida Statutes (2008), is designed to ensure that employees engaged in the same contract work are covered under worker’s compensation, regardless of whether they are employees of the general contractor or any of its subcontractors. See Dunlap v. CSR Rinker Transport, 978 So.2d 817 (Fla. 1st DCA), review denied, 991 So.2d 386 (Fla.2008); Andrews v. Drywall Enters., 569 So.2d 821, 823 (Fla. 1st DCA 1990).
Worker’s compensation benefits are the exclusive remedy against the employer for employees who are injured on the job. Consequently, where the statutory employer secures coverage or ensures that the subcontractor does so, the statutory employer is immune from suit for the employees’ personal injuries. The obvious *614 legislative intent is to make sure that a person performing a contractor’s work, even an employee of a subcontractor, is entitled to worker’s compensation protection from the primary employer if the subcontractor fails to provide such coverage. See Gator Freightways, Inc. v. Roberts, 550 So.2d 1117, 1119 (Fla.1989); Broward County v. Rodrigues, 686 So.2d 774, 775 (Fla. 4th DCA), cause dismissed by, 690 So.2d 1300 (Fla.1997); Miami Herald Pub. v. Hatch, 617 So.2d 380, 381 (Fla. 1st DCA 1993). Thus, worker’s compensation immunity derives from a vertical relationship between a contractor and its subs. See Chase v. Tenbroeck, 399 So.2d 57, 60 (Fla. 3d DCA), review denied, 411 So.2d 380 (Fla.1981).
The difficulty presented by the facts of the present case is that the worker’s compensation statutes do not specifically define a materialman, nor do they unambiguously instruct the courts to consider such persons to be subcontractors. As long ago as 1958, the Florida Supreme Court pointed out that chapter 713, Florida Statutes, the Construction Lien Statute, might aid in the interpretation of the Worker’s Compensation Act since the two statutes could be read and considered together. Gold-stein v. Acme Concrete Corp., 103 So.2d 202 (Fla.1958). The supreme court came to this conclusion because lawmakers used similar phrasing in both enactments when dealing with construction projects. Accordingly, a court can assume that in both chapters the legislature intended certain precise words or exact phrases to mean the same thing. In a broad sense then, the chapters were in pan materia so that definitions for some of the terms utilized in the Worker’s Compensation Statutes could be borrowed from Chapter 713. See also Chase, 399 So.2d at 58 n. 1.
Section 713.01(8) defines “contractor” as a person other than a materialman or laborer who enters into a contract with an owner of real property for improving it, or who takes over from a contractor the remaining work under the contract. Even assuming for the purpose of this analysis that Adams Homes is a contractor within the definition found within section 713.01(18), an issue in serious doubt because it was the owner of the property on which the accident occurred,[2] we conclude that the position of Adams Homes is without merit.
Under section 713.01(20) “materialman” means any person who furnishes materials under contract to the owner, contractor, subcontractor, or sub-subcontractor on the site of the improvement or for direct delivery to the site of the improvement and who performs no labor in the installation thereof. Finally, under section 713.01(28), a “subcontractor” means a person other than a materialman or laborer who enters *615 into a contract with a contractor for the performance of any part of such contractor’s contract. Early on the courts of Florida began distinguishing between ma-terialmen and other persons on a construction site.
In Goldstein, for example, an employee of a general contractor on a housing project was injured when struck by a concrete mixer truck owned by Acme Concrete Corporation. The Acme employee was at the time on the job site pouring a load of ready mix concrete into forms prepared by the general contractor. The .specific question raised was whether Acme was a subcontractor for worker’s compensation purposes, or a third party against whom an independent action could be maintained. The Florida Supreme Court held in part:
The rule which restricts an employee of a subcontractor to the provisions of the workman’s compensation act for injuries received ... should not be extended in such a manner that it could be said to apply to materialmen.
Goldstein, 103 So.2d at 205. The Florida Supreme Court in Goldstein was strongly influenced in arriving at this conclusion because it viewed the relation of Acme and the general contractor as one of vendor and vendee. See also Hunt v. Ryder Truck Rentals, Inc., 216 So.2d 751 (Fla. 1968); Street v. Safway Steel Scaffold Co., 148 So.2d 38, 42 (Fla. 1st DCA 1962) (the mere leasing of equipment or the mere sale and delivery of materials to a general contractor would not grant the privilege of exclusive remedy to the lessor or vendor because § 440.10 does not impose upon a general contractor the duty to secure compensation to employees of lessors or vendors even though a vendor may render some services or labor in delivering materials to the job site).
Under our jurisprudence, therefore, a materialman has not historically been viewed as a statutory employee for worker’s compensation purposes. Acme Homes nevertheless posits that in 2003, the Florida Legislature amended the worker’s compensation statutes to make all persons working or performing services on a construction site statutory employees. It did so, according to the brief filed in this court by Adams Homes, by amending section 440.02(15)(c)(2) to include as statutory employees of a contractor, “[a]ll persons who are being paid by a construction contractor.” The phrase, however, does not end there. The full sentence (minus parts irrelevant to this consideration) reads:
(c) “Employee” includes:
[[Image here]]
2. All persons who are being paid by a construction contractor as a subcontractor, unless the subcontractor has validly elected an exemption ... or has otherwise secured the payment of compensation coverage as a subcontractor ... for work performed by or as a subcontractor. [Emphasis supplied].
In our view the amendments to the statute made by the legislature did not have the effect of adding materialmen to the list of persons who would be considered as statutory employees of the contractor. Certainly if it had intended to do so, the legislature would have chosen language specifically mentioning materialmen. Thus, we reject Adams Homes’ position in this regard.
Although Adams Homes raises a number of other associated issues, we conclude that they are not meritorious. One argument does warrant a few comments. Adams Homes takes the position that because Mr. Cranfill delivered the roofing materials to the roof, as opposed to simply laying them on the ground, Seacoast was actually doing roofing work as a subcontractor, and thus its employee, Mr. Cran- *616 fill, was the contractor’s statutory employee. We reject this position, as well. First, delivery of roofing materials to the roof, according to the general manager of the Adams Homes local office, is standard operating procedure. Likewise, a manager for Seacrest testified that roofing materials as part of standard practice were “delivered to the roof top.” This seems to us to be no more than delivery of the materials in the usual fashion of a vendor and vendee, and nothing more. Putting them on the roof does not make the supplier a subcontractor. Indeed, in Goldstein the employee of the concrete supplier was actually pouring a load of concrete into forms prepared by the general contractor at the time of the accident. That activity, which seems far more significant than placing shingles on a roof, was not enough to make the employee here a statutory employee of the general contractor.
Accordingly, we affirm the Order On Parties’ Motions For Cross Summary Judgment rendered by the trial court in all respects.
AFFIRMED.
PALMER, C.J., and EVANDER, J., concur.

. We have jurisdiction pursuant to rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure.

. See Cuero v. Ryland Group, Inc., 849 So.2d 326 (Fla. 2d DCA), review denied, 855 So.2d 621 (Fla.2003). To be a contractor, and thus a statutory employer pursuant to section 440.10, one must have a contractual obligation to perform some work for another. In other words, it is basic that one cannot be a "contractor” within the meaning of the statute unless the contractor has a contractual obligation, a portion of which is sublet to another. See Dunlap, 978 So.2d at 819. The Cuero court essentially concluded that the owner-developer of the property upon which the accident occurred was not entitled to'immunity because as the owner-general contractor of its own development property it owed no contractual duty to anyone except itself. See also Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985). Here, Adams Homes entered into a contract with a buyer to construct the home on its own property, and upon completion the buyer would buy it. As we do not reach our decision on whether Adams Homes enjoyed the status of contractor, we express no opinion on this nuance.