SUAREZ, J.
 

 Catalfumo Construction, LLC d/b/a Sea-wood Builders (“Catalfumo”), appeals a non-final order in favor of the appellant, Linwood Varella, upon a finding that Ca-talfumo is not entitled to workers’ compensation immunity as a matter of law. We reverse the finding of the trial court upon the holding that Catalfumo is a statutory employer under section 440.11, Florida Statutes (2005), and is therefore entitled to workers’ compensation immunity.
 

 The appellant, Varella, worked for RAMS, a subcontractor of Catalfumo, as an electrician. As he was going home on his bicycle out of the gate on the construction site, he fell over some cement runoff and was injured. Varella brought a workers’ compensation claim against RAMS. RAMS’s carrier denied compensability on grounds that the accident was not within the course and scope of employment. Var-ella then sued Catalfumo, the general contractor, for negligence. Catalfumo moved for summary judgment and contended that it was entitled to statutory immunity and that the claim was barred by the exclusivity of the workers’ compensation statute. The trial judge denied Catalfumo’s motion for summary judgment and held that it was not entitled to workers’ compensation immunity as a matter of law. Catalfumo seeks non-final review of the trial court’s order denying summary judgment on grounds of workers’ compensation immunity.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(v). We find that Catalfumo is entitled to workers’ compensation immunity as a statutory employer and reverse.
 

 On this non-final appeal, our scope of review is limited to the issue of whether the general contractor, Catalfumo, is entitled to workers’ compensation immunity.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(v);
 
 Ramos v. Univision Holdings, Inc.,
 
 655 So.2d 89 (Fla.1995) (holding that district courts should not permit Rule 9.130(a)(3)(C)(v) to be used as a conduit “through which to seek interlocutory appeals of denial of motions for summary judgment on grounds other than workers’ compensation immunity”). We find that Catalfumo is a statutory employer as defined in section 440.11, Florida Statutes (2005), and, as such, is obligated to provide workers’ compensation insurance when the subcontractor
 
 *965
 
 does not. As a consequence of subcontractor RAMS’s denial of Varella’s claim, Ca-talfumo is required to provide workers’ compensation for its employee. Because Catalfumo has the duty to provide coverage in the absence of coverage by the subcontractor, Catalfumo is protected from suits-at-law such as this negligence cause of action.
 
 E.g., Eller v. Shova,
 
 630 So.2d 537 (Fla.1993). The trial court’s finding of no workers’ compensation immunity as a matter of law is reversed.
 

 We remand to the trial court to allow Varella to assert his claim for benefits against Catalfumo and for the purpose of allowing Catalfumo to raise any defenses it may have, if applicable.
 
 [1]
 
 ,
 
 [2]
 

 Reversed and remanded with directions.
 

 [1]
 

 .
 
 See Ramos v. Univision Holdings, Inc.,
 
 655 So.2d
 
 89,
 
 91 (Fla. 1995).
 

 [2]
 

 . On remand, Varella may argue that Catalfu-mo is estopped from asserting that the accident did not occur in the course and scope of Varella's employment or from asserting the coming and going rule since either of those positions would be opposite from the one it is taking now where it claims the benefit of workers' compensation immunity.
 
 See Coastal Masonry, Inc. v. Gutierrez,
 
 -So.3d-, 2010 WL 445729 (Fla. 3d DCA 2010);
 
 Schroeder v. Peoplease Corp.,
 
 18 So.3d 1165 (Fla. 1st DCA 2009) (citing
 
 Byerley v. Citrus Publ’g, Inc.,
 
 725 So.2d 1230 (Fla. 5th DCA 1999)).