ON MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC, MOTION FOR CLARIFICATION AND SUGGESTION OF GREAT PUBLIC IMPORTANCE
 

 HAZOURI, J.
 

 We deny appellants’ motion for rehearing, motion for rehearing en banc, motion for clarification and suggestion of great public importance, withdraw our prior opinion, and substitute the following in its place.
 

 
 *989
 
 Marilyn Ann Nunes, in her capacity as Personal Representative of the Estate of Kathleen L. Phillips, and Marilyn Ann Nunes, individually, (collectively “Nunes”), appeal the trial court’s order granting final summary judgment in favor of Jesus M. Alvarez, Julissa Alvarez, and SunTrust Mortgage, Inc. (collectively “Alvarez”). Nunes filed a declaratory action against among others, Alvarez, to determine Nunes’s right to certain property which she contended was wrongfully conveyed to Alvarez through a series of conveyances originating with a forged deed. Two deeds were identified as forgeries: (1) a warranty deed recorded on October 6, 2003, in official records book 15973, page 64, in which the grantee is All State Investment, Inc.; and (2) a corrective warranty deed, amending the former deed, recorded on December 3, 2003, in official records book 16265, page 272, in which the grantee is Allstate Investment Properties, Inc.
 

 The trial court granted final summary judgment in favor of Alvarez, finding that Nunes was equitably estopped from asserting her interest in the property. We agree with the trial court and affirm.
 

 “The standard of review of an order granting summary judgment is de novo.”
 
 Bender v. CareGivers of Am., Inc.,
 
 42 So.3d 893, 894 (Fla. 4th DCA 2010) (quoting
 
 Mobley v. Gilbert E. Hirschberg, P.A.,
 
 915 So.2d 217, 218 (Fla. 4th DCA 2005)). “When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action.”
 
 Id.
 
 (quoting
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004)). “Rather, the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, ‘the nonexistence of a genuine issue of a material fact.’ ”
 
 Id.
 
 (citations omitted).
 

 The parties agreed in mutual motions for summary judgment that the facts were undisputed and that the case was ripe for summary judgment. As noted, the property was ultimately conveyed to Alvarez through a series of events involving several prior conveyances. The trial court’s order granting summary judgment details the facts and law upon which it relied, which we adopt as follows:
 

 Petitioners assert that deeds transferring their interest in real property located in Palm Beach County to ALLSTATE INVESTMENT PROPERTIES, INC. all are forgeries and thus void. Further that since the deeds are void, all subsequent transfers of the real property, including the transfer to ALVAREZ are void and must be set aside.
 

 Among the Affirmative Defenses asserted by ALVAREZ to Petitioners’ claim is equitable estoppel. ALVAREZ maintains that because Petitioners and their counsel knew of the forged Deeds but took no action to assert their interest in the real property for a period of almost two (2) years, Petitioners are barred.
 

 The Court finds that the following facts are agreed or not in dispute for purposes of Defendants’ Motion for Summary Judgment:
 

 A. The [Pjetitioners’ former son in law and husband, GILMAN H.C. NUNES, forged a Warranty Deed transferring Petitioners’ interest in the real property to ALLSTATE INVESTMENT PROPERTIES, INC. which was recorded in the Public Records of Palm Beach County on October 6, 2003.
 

 B. A forged Corrective Warranty Deed transferring Petitioners’ interest in the real property to ALLSTATE INVESTMENT PROPERTIES, INC. was re
 
 *990
 
 corded in the Public Records of Palm Beach County on December 3, 2003.
 

 C. ALLSTATE INVESTMENT PROPERTIES, INC., not knowing that the deed was forged, transferred the real property to DANIELLE A. INTIL-LI [sic] by Warranty Deed dated December 25, 2003.
 

 D. DANIELLE A. INTILLI [sic], not knowing that the deed was forged, transferred the real property to ALVAREZ by Warranty Deed dated December 15, 2004.
 

 E. Petitioners commenced this action to assert their interest in the real property on August 25, 2005.
 

 F. Petitioners and their counsel had constructive notice of the forged Warranty Deeds on October 6, 2003 when the Deeds were recorded in Palm Beach County.
 

 G. Petitioners’ counsel, Robert Kop-pen, who represented Petitioner, MARILYN ANN NUNES, in her divorce case from GILMAN H.C. NUNES, had actual knowledge of the forged Deeds in May of 2004 when he took the deposition of Gilman [H.]C. Nunes, the former husband.
 

 H. Petitioners and their counsel decided to take no action to protect or assert their interest in the real property in the divorce case filed by Petitioner, MARILYN ANN NUNES, in which a claim for partition of the real property was filed.
 

 I. ALVAREZ relied (without any knowledge of the forgery) upon the Public Records in and for Palm Beach County in acquiring the real property from DANIELLE A. INTILLI [sic]. The Public Records did not contain any notice that Petitioners had an interest in the real property that ALVAREZ purchased for value.
 

 J. ALVAREZ, in reliance upon the Public Records as to the title of the real property, has resided in and has maintained it since December 15, 2004.
 

 Both sides agreed that this case is appropriate for Summary Judgment and rely upon the same cases to support their positions.
 
 Coram v. Palmer,
 
 63 Fla. 116, 58 So. 721, 722 (1912), established the rule that equitable estoppel, as it relates to title to land, is a doctrine by which a party is prevented from asserting his claim of legal title if he has through his acts, words or
 
 silence
 
 led another to take a position in which the assertion of legal title would be contrary to equity and good conscience.
 

 The Supreme Court in
 
 Coram
 
 held:
 

 If one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right.
 

 Coram v. Palmer, supra.
 

 Zurstrassen v. Stonier,
 
 7[86] So.2d 65, 68-69 (Fla. 4th DCA 2001), has held that the doctrine of equitable estoppel as set forth in
 
 Coram v. Palmer
 
 applies to forged deeds.
 

 The former husband and son in law delivered a forged deed and received the full purchase price for the home which would have included payment from the first buyer of any interest which would have belonged to the Petitioners. Because of this fraud upon the Petitioners the former husband and former son in law would have held a portion of the proceeds of the sale in trust for the [P]etitioners. At the very least the [P]etitioners would have had a cause of action for damages against GILMAN H.C. NUNES which they decided not to pursue. They knowingly let the bad guy
 
 *991
 
 walk and instead they sued the subsequent buyers.
 

 Petitioners and their counsel knowingly failed to assert their interest in the real property before ALVAREZ acquired title to the property although having numerous unrestricted opportunities to do so. They knew that the public record had deeds that the former husband had executed and the public would rely on those deeds. They may not have created the potential for harm but once they knew of it they had a duty to give notice so that others would not be harmed. Petitioners’ silence and failure to assert their claims resulted in ALVAREZ relying to their detriment upon the Public Record that did not contain any indication of Petitioners’ claimed ... interest in the subject real property.
 

 ALVAREZ was an innocent,
 
 bona fide
 
 purchaser of the real property for value. He was the very person the public record was there to protect and the person to whom the [Petitioners’ [sic] owed a duty. The [P]etitioners’ silence when they had knowledge is tantamount to affirmative representation to the public as a whole that “go ahead and buy as I don’t have an interest in this property”. (This quote is the expression of this court and is not language from the text of any reported case.) Thus the representation element is present.
 

 BASED ON THE FOREGOING, IT IS HEREBY CONSIDERED, ORDERED AND ADJUDGED:
 

 Respondents, JESUS M. ALVAREZ, JULISSA ALVAREZ and SUNTRUST MORTGAGE, INC.’S, Motion for Summary Final Judgment is hereby GRANTED.
 

 Petitioners’ Motion for Summary Judgment is hereby DENIED.
 

 Final Judgment be and the same is hereby entered in favor of Respondents, JESUS M. ALVAREZ, JULISSA ALVAREZ and SUNTRUST MORTGAGE, INC., against Petitioners, MARILYN ANN NUNES, as the Personal Representative of the ESTATE OF KATHLEEN L. PHILLIPS and MARILYN ANN NUNES, individually, on their Third Amended Petition filed in this action and Petitioners shall take nothing from this action and go hence without day.
 

 The record demonstrates that Nunes was aware of the forged deed prior to its transfer to Alvarez. Despite this knowledge, she failed to assert any interest in the property, and Alvarez, unaware of any encumbrances, purchased it. Nunes is equitably estopped from now asserting her interest in the property because her “silence led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.”
 
 Coram,
 
 58 So. at 722. Nunes’s conduct clearly falls within the admonition of the court in
 
 Coram
 
 in that she knowingly, though she passively looked on, suffered Alvarez to purchase and expend money on property under an erroneous opinion of title, without making known her claim. Accordingly, we affirm the trial court’s order granting summary final judgment in favor of Alvarez, and deem that because of Nunes’s actual knowledge of the forgery prior to the purchase by Alvarez, Nunes is equitably estopped from asserting her interest.
 

 Affirmed.
 

 GROSS and CIKLIN, JJ., concur.