POLEN, J.
Appellant, Victor Mena, appeals final orders of the trial court granting summary judgment in favor of appellees, J.I.L. Construction Group Corporation (“J.I.L.”) and Slorp Construction Company, Inc. (“Slorp”). The trial court determined that J.I.L. and Slorp were immune from Mena’s tort action because worker’s compensation was Mena’s exclusive remedy. J.I.L. and Slorp and their carriers had previously denied Mena’s claims for worker’s compensation. We reverse the trial court’s order granting summary judgment for J.I.L. because issues of material fact remain with respect to whether J.I.L. is estopped from claiming that it is entitled to worker’s compensation immunity, based on the language it used when it denied benefits to Mena. We affirm the order granting summary judgment for Slorp because Slorp is not estopped from asserting immunity and is otherwise entitled to immunity under the Worker’s Compensation Act. We also affirm the trial court’s denial of Mena’s motion for partial summary judgment.
The general contractor for a residential development in Davie, Florida subcontracted the shell construction of the homes to Slorp. Slorp subcontracted part of its work to J.I.L. J.I.L. hired Victor Mena. On December 4, 2004, while constructing a home, Mena fell to the ground from a second-floor roof truss. Mena sustained multiple injuries and incurred over $70,000 in medical expenses.
*222 Mena filed claims for worker’s compensation benefits with J.I.L. and Slorp. Slorp denied Mena’s “entire claim both medically and indemnity.” Slorp maintained in its notice of denial that Mena was employed by J.I.L., not Slorp, and that J.I.L. had provided Slorp with proof that J.I.L. had a policy of worker’s compensation insurance in effect for the date of Mena’s accident. J.I.L.’s notice of denial also informed Mena that it was denying his “entire claim.” As its reasons, J.I.L. stated:
1. There is no employer/employee relationship established.
2. Failure to report injury timely.
3. The Employer/Carrier/Sei’vicing Agent reserves the right to these and any other defenses that may become apparent.
Eight months after he petitioned for benefits, Mena voluntarily dismissed his petitions and filed suit against J.I.L. and Slorp for negligence. As an affirmative defense, Slorp asserted that Mena “was acting in the course and scope of employment performing work subcontracted by the Defendant [Slorp] to Plaintiffs employer [J.I.L.] and therefore, the Plaintiffs claim is barred as a result of workers’ compensation immunity pursuant to Florida Statute 440.11.” J.I.L. asserted that “Plaintiffs damages are hatred by Florida’s workers compensation statute.” Both J.I.L. and Slorp also defended by listing comparative negligence and assumption of the risk as affirmative defenses.
Mena moved for partial summary judgment, arguing that under section 440.11(l)(a), Florida Statutes (2008), J.I.L. and Slorp were not entitled to defenses of comparative negligence or assumption of the risk. The trial court denied this motion. J.I.L. and Slorp moved for summary judgment on the basis that they were immune from Mena’s tort suit as a matter of law because Mena’s injuides were compen-sable exclusively under Florida’s Worker’s Compensation Act. J.I.L. acknowledged that it was Mena’s employer. Mena argued that J.I.L. and Slorp should be es-topped from asserting worker’s compensation immunity because of their previous denials. The trial court granted summary judgment in favor of both J.I.L. and Slorp, finding that their previous “general denials” were not inconsistent with their claims of entitlement to worker’s compensation immunity. We now reverse the trial court’s award of summary judgment for J.I.L., but affirm the award for Slorp.
The standard of review of an order granting summary judgment is de novo. Coleman v. Grandma’s Place, Inc., 63 So.3d 929, 932 (Fla. 4th DCA 2011). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, summary judgment is inappropriate. Id. On a motion for summary judgment, “the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, ‘the nonexistence of a genuine issue of a material fact.’ ” Nunes v. Allstate Inv. Props., Inc., 69 So.3d 988, 989 (Fla. 4th DCA 2011) (citation omitted). Summary judgment should not be granted “[w]here a written instrument lends itself to more than one reasonable interpretation.” Yardum v. Scalese, 799 So.2d 382, 383 (Fla. 4th DCA 2001).
“[U]nder Florida law, where injuries are not encompassed within our Worker’s Compensation Act, the employee is free to pursue his or her common law remedies.” Tractor Supply Co. v. Kent, 966 So.2d 978, 981-82 (Fla. 5th DCA 2007). Further, where an employer denies a claim for worker’s compensation benefits on the *223 basis that the injury did not occur in the course and scope of employment, or that there was no employment relationship, the employer may be estopped from asserting in a later tort action that the worker’s exclusive remedy was worker’s compensation, provided that the employee can satisfy the elements of estoppel. See Coastal Masonry, Inc. v. Gutierrez, 30 So.3d 545, 547-49 (Fla. 3d DCA 2010); Byerley v. Citrus Publ’g, 725 So.2d 1230, 1232-33 (Fla. 5th DCA 1999) (a contrary rule “would eviscerate the Workers’ Compensation Act and allow employers to avoid all liability for employee job related injuries”). For the possibility of estoppel to arise, however, the employer’s assertion of worker’s compensation immunity must be “clearly irreconcilable” with the reason for its initial denial. Kent, 966 So.2d at 981; Ashby v. Nat’l Freight, Inc., No. 8:09-cv-582-T-30MAP, 2009 WL 1767620, at *3 (M.D.Fla. June 23, 2009) (estoppel is “only available when the employer attempts to take inconsistent positions”).
If the language employed in the notice of denial could give rise to more than one interpretation, such that it cannot be fairly determined whether the employer’s positions are inconsistent, summary judgment is inappropriate. Schroeder v. Peoplease Corp., 18 So.3d 1165, 1168-69 (Fla. 1st DCA 2009); Elliott v. Dugger, 542 So.2d 392, 394 (Fla. 1st DCA 1989). In Schroeder, the employer’s notice of denial listed six different reasons. 18 So.3d at 1166. Two of the reasons stated, “The present condition of claimant is not the result of injury arising out of and in the course of his or her employment,” and “The condition complained of is not the result of an injury within the meaning of the term as used in the Florida Compensation Act.” Id. The other four reasons suggested that the denial was based on a preexisting condition of the employee. Id. The First District reversed the trial court’s entry of summary judgment, holding “[w]hether es-toppel is appropriate in this case and whether the employer took irreconcilable positions is dependent upon the meaning to be accorded the notice of denial.” Id. at 1170. See also Elliott, 542 So.2d at 394 (reversing summary judgment because “genuine issues of material fact concerning the issue of estoppel” existed where the denial could have meant either “that there had yet been no injury shown” or “the injury was not a covered injury”).
In the instant case, J.I.L. argues that the first reason for its denial, i.e., that “[tjhere is no employer/employee relationship established,” left an open question as to Mena’s status as its employee. Therefore, the argument goes, its later admission that Mena was its employee just “closes” the question; there is no inconsistency between its assertion that it is entitled to worker’s compensation immunity and this reason for the denial. We disagree. J.I.L.’s denial suggested it was asserting that Mena was not its employee. At the very least, as in Schroeder, “the meaning of the language employed in the notice of denial” is unclear. 18 So.3d at 1170. Accordingly, issues of material fact remain with respect to whether J.I.L. asserted inconsistent positions and whether it should be estopped from claiming it is entitled to worker’s compensation immunity under section 440.11(1), Florida Statutes (2004). We therefore reverse the entry of summary judgment in favor of J.I.L.
By contrast, in our view, the record indicates that Slorp maintained consistent positions in the worker’s compensation forum and in Mena’s civil action. Slorp denied Mena’s worker’s compensation claim on the basis that Mena was employed by J.I.L., not Slorp, and that J.I.L. had coverage. Slorp’s affirmative defense of work *224 er’s compensation immunity stated that Mena was acting in the course and scope of employment performing work subcontracted by Slorp to J.I.L. Accordingly, we hold that there was no inconsistency, and no corresponding possibility of an estoppel as to Slorp.
We note that, contrary to the arguments of J.I.L. and Slorp, under the circumstances of this case Mena was not required to litigate his claims to a final adjudication in the worker’s compensation forum. For this proposition, J.I.L. and Slorp rely on Marta v. Continental Manufacturing Co., 400 So.2d 181 (Fla. 4th DCA 1981). In Marta, an injured employee filed a claim for worker’s compensation benefits, and the employer’s carrier disputed the existence of coverage. Id. After a hearing, a worker’s compensation judge determined that, in fact, the employer did not have coverage. Id. at 181-82. The employee filed suit in circuit court, and the trial court dismissed the complaint on the basis that the employee’s “original filing of a claim” in the worker’s compensation forum “constituted an election of remedies.” Id. at 182. This court reversed, holding that the employee could not have made an election of remedies because “his right to sue in circuit court did not accrue until it had been determined that [the employer] lacked insurance coverage.” Id. We noted that “suit in circuit court was not an option available to [the employee] prior to that determination.” Id.
Marta is consistent with the well-established “rule that either a dismissed or an unsuccessful compensation claim does not bar a damage suit.” Lowry v. Logan, 650 So.2d 653, 656 (Fla. 1st DCA 1995). See also Williams v. Duggan, 153 So.2d 726, 727 (Fla.1963); Rush v. BellSouth Telecomms., 773 F.Supp.2d 1261, 1263-64 (N.D.Fla.2011) (“Nothing in Kent, or any other Florida case for that matter, even remotely stands for the proposition” that an employee’s “claims should be decided by the judge of compensation claims before [the employee] is allowed to bring a claim in civil court” where employer denies claim in the compensation forum because the claim is outside the course and scope of employment).
It remains to be determined whether the trial court was correct in holding that Slorp was entitled to worker’s compensation immunity. “The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to ... the employee,” unless the employer fails to secure payment of compensation or commits an intentional tort. § 440.11(1), Fla. Stat. (2004).
Specifically, with respect to a contractor-subcontractor relationship:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
§ 440.10(1)(b), Fla. Stat. (2004). Put differently, “where a subcontractor performing part of the work of a contractor fails to secure payment of compensation, the contractor is liable for the same.”[1] Amorin *225 v. Gordon, 996 So.2d 913, 916 (Fla. 4th DCA 2008) (quoting Motchkavitz v. L.C. Boggs Indus., Inc., 407 So.2d 910, 912 (Fla.1981), overruled on other grounds by Emp’rs Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983)). Section 440.10 “insure[s] that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking.” Roberts v. Gator Freightways, Inc., 538 So.2d 55, 60 (Fla. 1st DCA 1989). The scheme set forth in section 440.10(l)(b) applies to a subcontractor-subsubcontractor relationship as well, like the one in this case. Dempsey v. G & E Constr. Co., 556 So.2d 426, 427 (Fla. 4th DCA 1989).
J.I.L. procured a policy of worker’s compensation insurance that was in effect for the date of Mena’s accident. Slorp verified that J.I.L. had coverage. Slorp was Mena’s statutory employer because it owed a contractual obligation to the general contractor and subcontracted a portion of that work to J.I.L., thus taking on the responsibility to provide coverage for Mena in the event J.I.L. failed to do so. See Candyworld, Inc. v. Granite State Ins. Co., 652 So.2d 1165, 1167 (Fla. 4th DCA 1995); Woods v. Carpet Restorations, Inc., 611 So.2d 1303, 1304 (Fla. 4th DCA 1992). “[WJhere the statutory employer secures coverage or ensures that the subcontractor does so, the statutory employer is immune from suit for the employees’ personal injuries.” Adams Homes of Nw. Fla., Inc. v. Cranfill, 7 So.3d 611, 613 (Fla. 5th DCA 2009) (emphasis added). Accord Latite Roofing & Sheet Metal Co. v. Barker, 886 So.2d 1064, 1066 (Fla. 4th DCA 2004) (eon-tractor “performed in the way the statute sought to encourage” and was “entitled to immunity” where it verified that its subcontractor had coverage); Motchkavitz, 407 So.2d at 913 (“It is the liability to secure coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees.”). Consequently, Slorp was immune from Mena’s negligence action, and we affirm the trial court’s entry of summary judgment for Slorp.
We also affirm the trial court’s denial of Mena’s motion for partial summary judgment. Mena sought a determination that, as a matter of law, J.I.L. and Slorp were not entitled to assert traditional affirmative defenses to negligence: that the injury was caused by negligence of a fellow employee, that Mena assumed the risk, or that the injury was caused by Mena’s own comparative negligence. Section 440.11, Florida Statutes, provides that a defendant “may not plead” these defenses in an employee’s action at law following his or her employer’s failure to secure payment of compensation. § 440.11(l)(a), Fla. Stat. (2008). Because we conclude that material issues of fact remain with respect to whether J.I.L. is estopped from asserting its worker’s compensation immunity defense, at this juncture, determining whether section 440.11 is applicable is premature.

Affirmed in part, Reversed in part, and Remanded for proceedings consistent with this opinion.

TAYLOR and GERBER, JJ., concur.

. The statutory language "secure payment of compensation” means "insuring and keeping insured the payment of such compensation with any stock company or mutual company *225 or association or exchange, authorized to do business in the state." § 440.38(l)(a), Fla. Stat. (2004); Limerock Indus., Inc. v. Pridgeon, 743 So.2d 176 (Fla. 1st DCA 1999). We therefore reject Mena’s argument that the term imposes an automatic duty to actually pay benefits wherever it is used in the statute.