# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2014.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D13-1044
Lower Tribunal No. 11-43839

————————————

**VMS, Inc. a/k/a VMS Maintenance Systems, Inc.,**
Appellant,

vs.

**Elvis Alfonso,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

DeMahy Labrador Drake Victor & Cabeza, Gregory A. Victor, Mark R. Boyd, Susana C. Nunez and Scott A. Markowitz, for appellant.

Beckham & Beckham, Pamela Beckham and Eugene Beckham, for appellee.

Before SHEPHERD, C.J., and WELLS and SCALES, JJ.

WELLS, Judge.

VMS, Inc. appeals from a partial summary judgment determining that it was estopped from asserting workers' compensation immunity to bar an action sounding in negligence brought by the employee of a sub-subcontractor. Because VMS secured the payment of compensation required by statute, we find that VMS is not estopped from asserting such immunity and reverse.

As pertinent here, the facts are undisputed. Pursuant to a written contract, VMS contracted with the Florida Department of Transportation to maintain and manage portions of specified roadways and bridges in Palm Beach, Broward, and Miami-Dade Counties. As part of that contract, VMS was obligated to secure, and secured, workers' compensation insurance.

In September 2008, VMS subcontracted road work in some of these counties to ABC. That subcontract, like that between VMS and the Department of Transportation, obligated ABC to secure workers' compensation insurance. It is undisputed that it did so.

Thereafter, ABC hired Lazaro Contreras to perform some of the work ABC had obligated itself to do. Contreras in turn hired a number of day laborers including Elvis Alfonso, the plaintiff here. On October 15 or 16, 2008, while performing work covered by the VMS/ABC/Contreras contract, Alfonso was seriously burned when hot tar spilled on him. Alfonso immediately was taken to

2

the hospital where it was reported that he had sustained the burns while working at home.

While the evidence regarding VMS' knowledge of this incident is disputed, there is no dispute that Contreras did not have workers' compensation insurance and that ABC and VMS did not report this incident to their compensation carriers. Alfonso also never asserted a claim for workers' compensation benefits; instead, on March 2, 2012, he filed suit against both ABC and VMS for negligence. VMS responded, claiming workers' compensation immunity and, alternatively, comparative negligence either on Alfonso's or other third parties' part. ABC eventually entered into a settlement agreement with Alfonso and is no longer a party to this case.

Thereafter, Alfonso moved for entry of partial summary judgment against VMS, arguing that VMS was estopped from claiming workers' compensation immunity and from asserting comparative negligence because VMS had failed to notify its workers' compensation carrier that Alfonso had been injured. The trial court agreed; we reverse.

Section 440.10(1)(a) of the Florida Statutes provides that "[e]very employer . . . shall be liable for, and shall *secure, the payment* to his or her employees . . . *the compensation* payable under ss. 440.13, 440.15, and 440.16." § 440.10(1)(a), Fla. Stat. (2013) (emphasis added). The liability imposed on employers to "secure

3

payment" of compensation requires only that an employer ***insure and keep insured*** the payment of those workers' compensation benefits guaranteed by section 440.10(1)(a); it does not impose a duty to actually pay benefits to an employee:

> (1) Every employer shall secure the payment of compensation under this chapter:
>
> (a) By insuring and keeping insured the payment of such compensation with any stock company or mutual company or association or exchange, authorized to do business in the state;
>
> (b) By furnishing satisfactory proof to the Florida Self-Insurers Guaranty Association, Incorporated, created in s. 440.385, that it has the financial strength necessary to ensure timely payment of all current and future claims individually and on behalf of its subsidiary and affiliated companies with employees in this state and receiving an authorization from the department to pay such compensation directly. . . .

§ 440.38, Fla. Stat. (2013); Mena v. J.I.L. Constr. Group Corp., 79 So. 3d 219, 225 n.1 (Fla. 4th DCA 2012) (rejecting the notion that the term "secure payment of compensation" imposes an "automatic duty to actually pay benefits," but only requires that payment be insured "with any stock company or mutual company or association or exchange, authorized to do business in the state" (quoting § 440.38, Fla. Stat. (2004))); see also Limerock Indus., Inc. v. Pridgeon, 743 So. 2d 176, 177 (Fla. 1st DCA 1999) (finding section 440.38's requirement that the employer "secure payment of compensation" was satisfied where the employer "secur[ed] a policy of workers' compensation insurance that covered the injured employee").

4

Because section 440.11(1) of the Florida Statutes makes the liability to secure compensation imposed by section 440.10(1) the exclusive form of liability imposed by Chapter 440 on an employer, once an employer acquires and maintains workers' compensation insurance for the benefit of its employees, it becomes immune from suit. See § 440.11(1), Fla. Stat. (2013)[1]; Walker v. United Steel Works, Inc., 606 So. 2d 1243, 1244 (Fla. 2d DCA 1992) ("Section 440.11(1) makes [the] liability to secure compensation the exclusive form of liability of the employer.").

Section 440.10(1)(b) extends the liability imposed by section 440.10(1)(a) on employers to secure insurance coverage for the payment of workers' compensation benefits to contractors requiring them to secure coverage for the employees of subcontractors engaged on sublet contract work:

> In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the

[1] Section 440.11(1) provides:

> The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . . .

§ 440.11(1), Fla. Stat. (2013).

same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, ***except to employees of a subcontractor who has secured such payment***.

§ 440.10(1)(b), Fla. Stat. (2013) (emphasis added).

As the Florida Supreme Court has confirmed, liability is imposed on employers by these provisions only to secure workers' compensation insurance coverage and when an employer subcontracts part of its work to another, that contractor/employer is liable only for assuring that workers' compensation coverage has been secured for the subcontractor's employees:

> Section 440.10 establishes the concept of "statutory employer" for contractors who sublet part of their work to others. Section 440.11 provides that the liability established in section 440.11 is "exclusive." The effect of section 440.10 is that where a subcontractor performing part of the work of a contractor fails to secure payment of compensation, the contractor is liable for same. If both subcontractor and contractor fail to ***secure coverage***, then the contractor has an employer's liability to the subcontractor's injured employee for purposes of an action for statutory benefits or damages at law. Thus even when a subcontractor agrees ***to secure coverage*** for its employees, a prudent contractor will prepare for or insure against its contingent liability as "statutory employer" in case the subcontractor fails to do so.

> The exclusiveness of liability provided for by section 440.11 extends to an employer's "liability" as defined in section 440.10. Thus ***a contractor who sublets part of its work to a subcontractor, being liable <u>to secure coverage</u> for employees of its subcontractor, is also immune from suit by such employees when <u>such coverage has been secured</u>. It is the liability to secure coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees***.

6

Motchkavitz v. L.C. Boggs Indus., Inc., 407 So. 2d 910, 912-13 (Fla. 1981) overruled on other grounds by Employers Ins. of Wausau v. Abernathy, 442 So. 2d 953 (Fla. 1983) (emphasis added) (citation omitted); see also Miami-Dade County v. Acosta, 757 So. 2d 539, 541 (Fla. 3d DCA 2000) ("It is clear that section 440.10(1)(b) places on the statutory employer [(the contractor)] . . . the responsibility for providing, or ensuring that the subcontractor provides, workers' compensation *coverage* to its, including its subcontractors', employees") (emphasis added); Adams Homes of Nw. Fla., Inc. v. Cranfill, 7 So. 3d 611, 613 (Fla. 5th DCA 2009) ("[W]here the statutory employer *secures coverage or ensures that the subcontractor does so*, the statutory employer is immune from suit for the employees' personal injuries.") (emphasis added). "Put differently, 'where a subcontractor performing part of the work of a contractor fails to secure payment of compensation, the contractor is liable for the same.'" Mena, 79 So. 3d at 224-25 (quoting Amorin v. Gordon, 996 So. 2d 913, 916 (Fla. 4th DCA 2008) (quoting Motchkavicz, 407 So. 2d at 912).

In this case, there is no dispute that VMS secured coverage for ABC's employees by virtue of the insurance coverage secured by its subcontractor, ABC. Having satisfied this obligation, VMS was not liable for injuries sustained by any of ABC's or Contreras' employees while at work. See § 440.10(1)(b), Fla. Stat. (2013); § 440.11(1), Fla. Stat. (2013).

This outcome is not affected by this court's decision in <u>Ocean Reef Club, Inc. v. Wilczewski</u>, 99 So. 3d 1 (Fla. 3d DCA 2012), because no contractors or subcontractors were involved in that case. There, two employees sued their employer for work-related illnesses and because that employer failed to notify its workers' compensation insurance carrier of their claims this court determined that the employer was estopped from asserting in the civil suit the immunity that the insurance otherwise conferred. While that decision might have some application to ABC's ability to assert its immunity from suit, it has no bearing on VMS's ability to do so.

Rather, as the court in <u>Mena</u> confirmed, because contractor/VMS is "liable" solely for assuring that subcontractor/ABC secured and had in place workers' compensation insurance, or, alternatively, had secured its own insurance in the event ABC failed to do so, VMS was not liable for injuries to ABC's or to Contreras' workers and had no obligation to notify its carrier of Alfonso's injury:

> J.I.L. [the sub-subcontractor] procured a policy of worker's compensation insurance that was in effect for the date of Mena's accident. Slorp [the subcontractor] verified that J.I.L. had coverage. Slorp was Mena's statutory employer because it owed a contractual obligation to the general contractor and subcontracted a portion of that work to J.I.L., ***thus taking on the responsibility to provide coverage for Mena in the event J.I.L. failed to do so***. <u>See</u> <u>Candyworld, Inc. v. Granite State Ins. Co.</u>, 652 So. 2d 1165, 1167 (Fla. 4th DCA 1995); <u>Woods v. Carpet Restorations, Inc.</u>, 611 So. 2d 1303, 1304 (Fla. 4th DCA 1992). "***[W]here the statutory employer secures coverage <u>or</u> ensures that the subcontractor does so***, the statutory employer is immune from suit for the employees' personal injuries." <u>Adams</u>

8

Homes of Nw. Fla., Inc. v. Cranfill, 7 So. 3d 611, 613 (Fla. 5th DCA 2009) (emphasis added). Accord Latite Roofing & Sheet Metal Co. v. Barker, 886 So. 2d 1064, 1066 (Fla. 4th DCA 2004) (contractor "performed in the way the statute sought to encourage" and was "entitled to immunity" where it verified that its subcontractor had coverage); Motchkavitz, 407 So.2d at 913 ("It is the liability to secure coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees."). Consequently, Slorp was immune from Mena's negligence action, and we affirm the trial court's entry of summary judgment for Slorp.

Mena, 79 So. 3d at 225. Thus, the fact that ABC may have been estopped from asserting the exclusive remedy provided to it by Chapter 440 had no effect on VMS' liability or the immunity accorded to VMS by law.

In short, "so long as security for compensation is maintained for all [its] statutory employees, the contractor[] obligated to secure such compensation [is] immune from suit." Walker, 606 So. 2d at 1244; see also Brickley v. Gulf Coast Constr. Co., 14 So. 2d 265, 266 (Fla. 1943) ("If payment of compensation has been secured by the general contractor, either directly or through the sub-contractor, a recovery for injury or death arising out of and in the course of the contract work is exclusively under the Workmen's Compensation Law, for compensation."); Acosta, 757 So. 2d at 541 ("[W]here the statutory employer secures coverage, or ensures that the subcontractor does so, the statutory employer is immune from suit for the employee's personal injuries."); Limerock Indus., Inc., 743 So. 2d at 177 (reversing a finding that the employer was not entitled to workers' compensation immunity in a civil negligence action, where the employer "had secured payment

of compensation by securing a policy of workers' compensation insurance that covered the injured employee"); <u>Broward County v. Rodrigues</u>, 686 So. 2d 774, 775 (Fla. 4th DCA 1997) ("When the statutory employer [secures coverage for its statutory employees], the statutory employer is immune from suit for the employee's personal injuries, as worker's compensation is the exclusive remedy.").

For these reasons, we find that VMS had no obligation to notify its carrier of Alfonso's injury and cannot be estopped from asserting the immunity it enjoys by virtue of ABC having secured and having in place workers' compensation insurance coverage.

Accordingly, the order granting summary judgment in favor of Alfonso is reversed.

Reversed and remanded.

Before, SHEPHERD, C.J., and WELLS, SUAREZ, ROTHENBERG, LAGOA, SALTER, EMAS, FERNANDEZ, LOGUE and SCALES, JJ.

### On En Banc Consideration

During the pendency of this action, it has come to this Court's attention that a statement made in *dicta* in <u>Catalfumo Construction, LLC v. Varella</u>, 28 So. 3d 963, 965 (Fla. 3d DCA 2010), that as a consequence of a subcontractor's insurer's denial of a worker's claim, the contractor at issue there was required to provide "workers' compensation" for the subcontractor's employee is at odds with the

10

opinion herein.  We therefore recede from that statement in <u>Catalfumo</u> and confirm the determination made herein that to benefit from the immunity conferred by sections 440.10 and 440.11 of the Florida Statutes, a contractor need only ensure that workers' compensation insurance coverage has been secured for each worker for whom it is the statutory employer; the contractor need not ensure that actual payment of these insurance benefits be made to such employees.